THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD E. RIGBY, Relator, *v.* SEVERN A. ANDERSON, Treasurer of Erie County, N. Y., Respondent.

Fourth Department, October 19, 1921.

**Civil service — certiorari to review dismissal of relator, World War veteran, from Erie county treasurer's office — dismissal not justified for technical breach of rules without wrongful intent — act of relator in keeping money received by mail for taxes in his possession without intention to appropriate did not justify removal.**

The mere technical breach of rules on the part of a World War veteran protected by the Civil Service Law, who was employed in the office of the county treasurer of Erie county, without wrongful intent, was not sufficient to warrant his dismissal from the service.

Accordingly, the county treasurer was not justified in dismissing the relator, where it appeared that the relator with others was engaged in receiving letters containing checks for the payment of taxes and making notations on the checks and tax bills; that currency was seldom sent by mail to pay taxes; that relator signed for a registered letter, which he had the right to do, containing currency remitted for the payment of taxes, and instead of taking the cash immediately to the cashier as required by the rules of the office, placed it in his pocket, without any intention of appropriating it, where it remained till his attention was called to it by a fellow-servant, when he turned it over to a superior, explaining the circumstances.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of April, 1921, directed to Severn A. Anderson, treasurer of Erie county, N. Y., commanding him to certify

Fourth Department, October, 1921.        [Vol. 198

and return to the clerk of the county of Erie all and singular his proceedings had concerning the trial, conviction and dismissal from office of Howard E. Rigby, a messenger in the office of said county treasurer.

*Edward Gram,* for the relator.

*Asher B. Emery, County Attorney [M. Edwin Merwin, Deputy County Attorney,* of counsel], for the respondent.

DAVIS, J.:

The relator was prior to February 3, 1921, by appointment a messenger in the office of the county treasurer of Erie county.   He is an honorably discharged soldier, having served as such in the World War, and is, therefore, protected in the tenure of his position unless removed for incompetency or misconduct.   (Civil Service Law, § 22, as amd. by Laws of 1920, chap. 833.)

He was summarily discharged by the county treasurer on February 3, 1921, for " irregularities." Subsequently, on March twelfth, written charges made by the county treasurer were prepared and served on him, alleging incompetency and misconduct.   The particular charge was that on February 3, 1921, while employed in the office of the county treasurer, on receiving a registered letter between ten and eleven o'clock in the forenoon containing a sum of money in payment of a county tax, he opened the letter and took the money therefrom and failed to pay over the same into the cashier's office immediately, and had it in his possession at the close of office hours, contrary to the established rules of the office.

The facts established on the hearing before the county treasurer were in brief, that at the time in question large quantities of mail were coming into the office containing tax bills and remittances for the payment thereof.   The payments were nearly all made by check, only one letter in from five hundred to eight hundred containing currency.   The relator had been taken from his ordinary duties and required to perform those of a clerk, working with others in the same room opening this large volume of mail.   Their duties required them to take the tax bills and accompanying checks from the

envelope and mark the number of the tax bill upon the check and the bank upon which it was drawn on the tax bill.

During this rush period a postman brought in a registered letter. The relator, who had such authority, received it and signed the registry receipt in the name of the county treasurer " per H. E. Rigby." He opened the letter, discovered that it contained a tax bill and five dollars and ten cents in currency, placed it in his left-hand coat pocket and continued his work. He did not interrupt his work and take the amount and the bill immediately to the cashier some distance away in another office, as an unwritten rule or " policy " of the office required. After the cashier's office closed, one of his fellow-clerks called his attention to the omission and the relator immediately produced the envelope, bill and money and delivered it over to a superior, stating that he had forgotten about it. These clerks were working from about eight A. M. to eight P. M. on the tax collections at this time, and handling large quantities of mail.

The county treasurer on the hearing expressly disclaimed any charge of misappropriation, and that disclaimer is repeated by his counsel on the argument. It, therefore, stands as a mistake or oversight by the relator in failing to obey the unwritten rule to take " loose money " immediately to the cashier. So far as it appears, his record has heretofore been good.

The original discharge and subsequent formal removal under charges were the severest punishment the county treasurer could inflict for any dereliction of duty, however gross. We have recently held that a mere technical breach of the rules without wrongful intent is not sufficient to warrant the discharge of an officer with a record of faithful service (*People ex rel. Winspear* v. *Kreinheder*, 197 App. Div. 887) and the weight of authority is against such severe punishment for a single mistake or carelessness involving no question of moral turpitude, causing no prejudice to the public rights and not seriously interfering with the discipline of the department where the officer is employed. (*People ex rel. Devaney* v. *Greene*, 89 App. Div. 296; *People ex rel. McCabe* v. *Fire Commissioners*, 43 Hun, 554; appeal dismissed, 106 N. Y. 257; *Matter of Barlow*, 141 App. Div. 640.)

The tenure of office given to relator as an honorably dis-

charged soldier would mean little if he were subject to discharge for a single careless act or omission of duty, not made in bad faith, which would ordinarily call only for censure or for some slight discipline. The charges and the proof must, in such cases, be substantial and not trivial if removal is sought. (*People ex rel. Long* v. *Whitney,* 143 App. Div. 17.)

The writ should be sustained and the proceedings of the defendant annulled, without costs, and the relator reinstated.

All concur.

Writ of certiorari sustained, determination of county treasurer annulled, and relator reinstated, without costs.