In the Matter of the Application of WINIFRED I. CROWLEY, Appellant, for an Order of Mandamus against SMITH T. FOWLER, as Clerk of Onondaga County, Respondent.

Fourth Department, May 12, 1926.

Civil service — mandamus to compel county clerk of Onondaga county to restore petitioner to position of recording clerk — petitioner became ill while away from office — petitioner's sister telephoned county clerk but owing to his absence left message with some one in office as to petitioner's illness — on return to office about one week later, petitioner was arbitrarily dismissed — dismissal violates Civil Service Law, § 22, subd. 2, as amd. by Laws of 1924, chap. 612 — peremptory order of mandamus granted.

The petitioner, who held the position of recording clerk in the Onondaga county clerk's office, is granted a peremptory order of mandamus directed to the county clerk, commanding him to restore petitioner to her position from which she was dismissed on September 8, 1925, since it appears that on August 29, 1925, petitioner, at the close of the day's work, went to visit her sister where she was taken ill; that her sister telephoned the county clerk's office, but because of the absence of the county clerk on personal business she could not inform him personally of the cause of petitioner's absence but did inform some one in the county clerk's office that the petitioner was ill; that on September 8, 1925, when petitioner returned to her work she was informed that another had been hired to take her place and that her services were no longer required; and that on September ninth the county clerk wrote her that her services were no longer required, and for the first time gave the reason, which was her absence, without leave or notice, from August 31, 1925, to September 8, 1925, and again informed her that her services were to be discontinued as of September 10, 1925.

Both the original dismissal of the petitioner and the letter of September 9, 1925, violate subdivision 2 of section 22 of the Civil Service Law, as amended by Laws of 1924, chapter 612, which prohibits the summary dismissal of a regular clerk holding a position in the competitive class of the civil service, and requires that a dismissal shall be based upon reasons stated in writing and only after the person, whose removal is sought, shall have notice of the proposed removal and the reasons therefor, and shall be furnished with a copy of any charges preferred against him and shall be allowed a reasonable time for answering the same in writing. Arbitrary and capricious dismissals violate the letter and spirit of the Civil Service Law.

APPEAL by the petitioner, Winifred I. Crowley, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 30th day of December, 1925, as amended by an order entered in said clerk's office on the 8th day of January, 1926, denying petitioner's application for a peremptory mandamus order.

*Frank Hopkins*, for the appellant.

*Nathan Abelson*, for the respondent.

DAVIS, J. Though there are slight differences between the facts as stated in the petition and those contained in the answer and affidavits, the counsel for respondent agrees with the statement of the learned court at Special Term that there is no issue of fact. We have then to deal only with a question of law as to whether petitioner was entitled to an order; and it is evident from the written memorandum of the court below that no question of discretion is involved.

The petitioner was appointed from an eligible civil service list in August, 1918, to the position of recording clerk in the Onondaga county clerk's office. She performed her duties faithfully until Saturday, August 29, 1925. At the close of work on that day she went to visit her sister at Skaneateles. The following day she was taken violently ill. A physician was called Monday morning. The illness persisted and she was confined to the house practically the entire week and the greater part of the time to her bed. On Monday morning she had asked her sister to telephone the county clerk's office and give notice of her illness, and her inability to return to work. The call was made, and it appears that the sister inquired for the county clerk and was informed that he was not in the office. She then delivered the message to the employee who answered the telephone and he agreed to inform the clerk.

The following week (on September eighth) when she had recovered, the petitioner returned to her work. It seems that

the message had never been delivered. The clerk immediately informed her that he had hired someone in her place. The petitioner then said she was going to investigate and the clerk replied that he wished she would. In a letter to the secretary of the State Civil Service Commission the respondent says that he advised petitioner on September eighth that her services were no longer required, so that the parties are in agreement that on that day she was dismissed from office.

The subsequent conduct of both parties is not highly commendable or marked with entire good faith. Evidently the clerk was advised that legally he could not make such a summary dismissal so he attempted to give his acts some color of validity by writing a letter to her on the afternoon of September ninth. This again informed her that her services were no longer required and for the first time gave the reason, to wit, her " absence without leave or notice from this office on August 31, 1925, to September 8, 1925; " and that her services were to be discontinued as of September 10, 1925. In his letter of justification to the State Civil Service Commission before referred to, respondent was not entirely frank but left it to be inferred that the original dismissal and letter giving reasons were all events of September eighth. There had been no opportunity given for the proposed " investigation," nor was any explanation sought, prior to writing the letter. The petitioner refused to accept the letter tendered her, and also one sent by registered mail later. There seems to be no excuse for this perverse act on her part. It is possible that if mutual explanations had been made, the parties might have reached an understanding and resort to legal proceedings would have been unnecessary.

The Civil Service Law (§ 22, subd. 2, as amd. by Laws of 1924, chap. 612) provides that no regular clerk holding a position in the competitive class of the civil service of a civil division of the State shall be removed except for reasons stated in writing, and the person whose removal is sought shall have notice of the proposed removal, and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him and shall be allowed a reasonable time for answering the same in writing. Further provisions of the section indicate a legislative intent to give reasonable tenure against arbitrary and capricious acts. The object sought by statutes of this character is to protect from " summary removal " those in the classified civil service. (*People ex rel. Van Tine* v. *Purdy,* 221 N. Y. 396.) There must be some substantial grounds for removal involving fitness and character or dereliction of duty, or the statute would be a nullity.

The original dismissal was, as has been said, summary. It was

no " proposed " removal with opportunity for explanation or more formal answer to charges. Nor is there in the subsequent letter indication of *proposed* action, held in abeyance for answer to the charge of being absent without leave or notice. There is the blunt statement " your services are no longer required." What answer would avail against that?

Unless we are prepared to hold as a matter of law that sudden, severe illness for a week is sufficient excuse to warrant forfeiture of a public position of this kind, then the respondent stands unjustified of his act. This case differs from those where after proper charges and opportunity to answer, an employee is found unworthy, in the exercise of judgment by the superior officer.

But it is urged that removal might be made for breach of discipline in failing to observe a rule that notice of absence must be given to the clerk or his deputies by letter or telephone. The origin and promulgation of the rule are lost in mystery. It does not appear that any such rule was printed or generally circulated. Its reasonableness as applied to an absence due to sudden illness might be questioned. But it appears that the reason why notice was not given to the clerk was due to his absence from the office on his own personal business. In transacting public business one may ordinarily deal with the person apparently in charge of a public office. So the representative of the petitioner here was justified in delivering the message to one authorized to answer the telephone and accept messages. If there was failure to observe a rule, the breach of discipline without wrongful intent was too trivial, as this court has held before, to warrant the severest punishment that could be inflicted. (*People ex rel. Winspear* v. *Kreinheder*, 197 App. Div. 887; *People ex rel. Rigby* v. *Anderson*, 198 id. 283.) Tenure to public office or position does not rest upon such technical and unsubstantial foundations.

The order denying petitioner's application should be reversed as a matter of law and not in the exercise of any discretion, and the matter remitted to Special Term with directions to issue the peremptory mandamus order prayed for, with ten dollars costs and disbursements to appellant.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, as a matter of law and not in the exercise of any discretion, and matter remitted to the Special Term, with directions to issue a peremptory mandamus order as prayed for.