The People of the State of New York ex rel. Harry J. Hunt, Petitioner, *v.* Charles Hall, President, George Rarick and Others, Constituting the Board of Trustees of the Village of Solvay, N. Y., and Another, Respondents.

Fourth Department, March 23, 1927.

Villages — police department — chief of police — certiorari to review action of village board of village of Solvay in summarily removing petitioner from position of chief of police — resolution of board of trustees passed in 1918, under Village Law, § 188-a, as amd. by Laws of 1918, chap. 358, established police department and designated petitioner as chief — said resolution was properly passed — under Village Law, § 188-f, chief of police can be removed only on charges preferred and after hearing — petitioner was illegally removed by summary action of board, on April 13, 1926, in appointing new chief — informing petitioner of intended action was not sufficient notice to give fair opportunity for defense — on alleged "rehearing," charges preferred were trivial and not sustained by evidence — petitioner is reinstated.

This is a certiorari proceeding to review the action of the board of trustees of the village of Solvay, N. Y., in summarily removing the petitioner as chief of police. In 1918 the village board, acting under the authority of section 188-a of the Village Law, as amended by chapter 358 of the Laws of 1918, the village of Solvay being a first class village, passed a resolution to establish a police department and designated the petitioner as the chief of police. The evidence shows that this resolution was duly adopted, since it appears that, while a type-written copy without notation was pasted in the minutes of the village board, the clerk testified that unless there was a notation affixed to a resolution it was adopted. The action of the board of trustees on April 13, 1926, in appointing another as chief of police and thereby summarily removing the petitioner was irregular and void, since it appears that the only notice served upon the petitioner

was information given by one of the trustees just prior to said meeting that a new chief of police was to be appointed. That notice was insufficient to give the petitioner a fair opportunity to be heard in his own defense. Petitioner cannot be removed under section 188-f of the Village Law, without charges being preferred and an opportunity given him to defend himself.

Upon a so-called " rehearing," certain charges were preferred against the petitioner and a trial had. All of the charges so preferred, which were not withdrawn, were trivial in their nature, and, furthermore, they were not sustained. The principal charge was that the petitioner was in the habit of playing cards with other policemen in the basement of the village building. It appears, however, that the card games were friendly games and that the practice had been discontinued some four years before the petitioner was dismissed. If the charges had been uncontradicted, they were too trivial to justify the dismissal of the petitioner.

The petitioner is reinstated and allowed his salary from the 1st day of June, 1926.

CERTIORARI ORDER granted out of the Supreme Court on the 11th day of August, 1926, as supplemented by a certiorari order granted out of said court on the 29th day of January, 1927, pursuant to stipulation, directed to Charles Hall, president of the village of Solvay, and George Rarick and others, constituting the board of trustees of said village, and another, commanding them to certify and return to the office of the clerk of the county of Onondaga all and singular their proceedings had in dismissing the petitioner from the office of chief of police of the police department of the village of Solvay.

*Higbee & Malpass* [*Frank P. Malpass* of counsel], for the petitioner.

*James J. Barrett* and *Daniel T. Scully* [*James J. Barrett* of counsel], for the respondents.

CLARK, J. The petitioner for many years prior to the 13th day of April, 1926, had been chief of police of the village of Solvay, N. Y. On said date he was summarily removed from his position and his successor was appointed. In this proceeding he seeks by certiorari to review the action of the board of trustees of said village which resulted in his dismissal from the said office of chief of police.

Prior to the year 1915, boards of trustees of incorporated villages had the power to appoint and fix the terms of office of village policemen limited to the current official year and to designate a chief of police. (Village Law, § 188.)

By chapter 479 of the Laws of 1915 (adding to Village Law, § 188-a), certain villages were given authority to appoint members of the village police department and to designate a chief of police and such number of policemen as were needed and to fix their compensation, without designating the length of terms. Members of a

police department thus appointed held office until removed upon charges, but they could not hold office after attaining the age of sixty-five years.

This power to appoint members of a village police department extended to a village in a county adjoining a city of the first class. (See, also, Laws of 1916, chap. 145, and Laws of 1917, chap. 359, amdg. said Village Law, § 188-a.)　By chapter 358 of the Laws of 1918 (amdg. said Village Law, § 188-a), the board of trustees of any village of the first class or of any village in a county adjoining a city of the first class were empowered by resolution to establish a police department in such village and appoint a chief of police and such number of policemen as might be needed and fix their compensation, and such appointees were to continue in office until suspended or dismissed after charges had been made and after notice thereof had been given and opportunity had been afforded for defense.　Any such dismissal could be reviewed by certiorari.

After petitioner's appointment but prior to his removal or dismissal section 188-a of the Village Law had been amended.　(See Laws of 1920, chap. 811; Laws of 1921, chap. 100; Laws of 1923, chap. 74.)　On April 25, 1924, by chapter 494 of the Laws of 1924, section 188-a of the Village Law was repealed and the statutory provisions regulating the appointment and removal or dismissal of the members of a village police department were revised into added sections 188-a to 188-h, inclusive, of said Village Law.　The power of removal or dismissal upon written charges after an opportunity to be heard or after a hearing was transferred to section 188-f of the Village Law and the right to review the dismissal of any member of such force by certiorari was given by section 188-g of said Village Law.　Prior to petitioner's final removal or dismissal these provisions were amended.　(See Laws of 1926, chap. 717. See, also, Laws of 1925, chaps. 90, 91; Laws of 1926, chaps. 339, 341, 523, 524.)

It is conceded that the village of Solvay was during the year of 1918 a village of the first class.　The petitioner had been chief of police of said village since November 10, 1908, he having been regularly appointed to that position pursuant to section 188 of the Village Law and reappointed annually thereafter until receiving a permanent appointment.　He occupied that position up to the 13th day of April, 1926.　On that date the board of trustees of said village adopted a resolution appointing one Howard H. Johnson chief of police.　Petitioner claims that the village board in appointing this successor and thus causing his removal from office acted without authority for the reason that on the 28th day of May, 1918, the board of trustees of said village adopted a resolution

establishing a police department in said village pursuant to the provisions of section 188-a of the Village Law, as amended by chapter 358 of the Laws of 1918, and that by the terms of said resolution petitioner was designated chief of police of said village, and that he has held that office since that time without further action on the part of the village authorities until his removal as above stated.

The respondents contend that the resolution of May 28, 1918, establishing a police department in said village and appointing petitioner chief of police was in fact never adopted by the village board.

It is conceded that said resolution in typewritten form appears pasted in the minutes of the village board for that date and the village clerk testified on this hearing that it was his custom at that time to place in the minutes of the board of trustees only those resolutions which had been passed by the board, unless he noted that the resolution had been defeated. There is no such notation attached to the resolution of May 28, 1918. Under the evidence we are satisfied that said resolution was duly adopted by the board of trustees of the village of Solvay as claimed by the petitioner. At the time of petitioner's dismissal, April 13, 1926, no charges had been preferred against him, either in writing or otherwise, and he had been given no opportunity to be heard or to defend himself, for no proper notice had been given him of the proposed action of the trustees. He was told by one of the trustees just prior to the meeting of April 13, 1926, that Mr. Johnson was to be appointed chief of police, but it does not appear that anything was said about any charges being preferred against petitioner or that he should appear at the meeting. That notice was insufficient to give petitioner any fair opportunity to be heard in his defense. (*Matter of Greenebaum v. Bingham*, 201 N. Y. 343; *Matter of Reddy v. President, etc., of Ossining*, 148 App. Div. 725.)

One of the objects of the statute under which petitioner was appointed by the resolution of May 28, 1918, was to protect officials from summary removal without a fair opportunity to defend themselves. (*People ex rel. Van Tine v. Purdy*, 221 N. Y. 396; *Matter of Crowley v. Fowler*, 217 App. Div. 16.)

When petitioner objected to the proceeding which resulted in his summary removal, the village board, upon his application of July 26, 1926, granted a so-called " rehearing," and attempted to correct their manifest error. They caused to be preferred and filed certain charges against petitioner and hearings were had.

The charges that were filed were trivial in their nature. At least five of them were withdrawn or their dismissal was agreed

to by counsel for respondents. The charges not withdrawn or dismissed were not established by the evidence. The most serious charge was to the effect that the petitioner was in the habit of playing cards with other policemen in the basement of the village building, but there was no proof that petitioner engaged in any gambling games and the evidence showed that whatever card playing was done was by way of friendly games of cards and it does not appear that any interests of the village or efficiency of the police department suffered in the slightest degree because of said card playing. It further appears without contradiction that it was discontinued more than four years before petitioner was dismissed at the request of the then village president. The charges were all trivial in their nature and if uncontradicted, would not have justified the severe punishment which was inflicted on this officer. (*People ex rel. Winspear* v. *Kreinheder*, 197 App. Div. 887; *People ex rel. Rigby* v. *Anderson*, 198 id. 283.)

As this court said in *Matter of Crowley* v. *Fowler* (*supra*), " tenure to public office or position does not rest upon such technical and unsubstantial foundations."

The order should be sustained, determination of respondents annulled and the petitioner reinstated and allowed his salary since the 1st day of June, 1926, with fifty dollars costs and disbursements.

All concur, CROUCH, J., in result only. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Certiorari order sustained, determination of respondents annulled and petitioner reinstated and allowed his salary since June 1, 1926, with fifty dollars costs and disbursements to relator.