In the Matter of the Application of EUGENE E. KELLY, Petitioner, for a Certiorari Order against WILLIAM F. MORGAN, as Commissioner of the Department of Public Markets of the City of New York, Respondent.

First Department, June 21, 1934.

*Austin B. Mandel* of counsel, for the petitioner.

*Charles E. Ramsgate* of counsel [*Paxton Blair* with him on the brief; *Paul Windels*, attorney], for the respondent.

GLENNON, J.   This certiorari proceeding is brought by petitioner to review the determination of the commissioner of the department of public markets of the city of New York dismissing him from the position of supervisor.

Charges were based on " neglect of duty " and " violation of the rules." The specifications are as follows:

" Neglect of Duty.

" Specification No. 1.   Neglected to report for duty in Mott St. Open Air Pushcart Market from 9 A. M. to 5 P. M. on January 8, 1934, in violation of Rule III (3) of the Rules and Regulations adopted March 10, 1926.

" Violation of the Rules.

" Specification No. 2. Failed to notify the office of the Bureau of Open Air Markets of his inability to report for duty in the Mott St. Open Air Pushcart Market, from 9 A. M. to 5 P. M., on January 8, 1934, in violation of Rule 15 of the Rules concerning Vacations, Leaves of Absence and Sick Leave, adopted Jan. 1, 1929.

" Neglect of Duty.

" Specification No. 3. Neglected to remain in, and absent from duty in, the Mott Street Open Air Pushcart Market from 2 P. M. to 3.45 P. M. on January 9, 1934, in violation of Rule III (3) of the Rules and Regulations adopted March 10, 1926.

" Violation of the Rules.

" Specification No. 4. Failed to notify the Office of the Bureau of Open Air Street Markets of his inability to report or remain on duty in the Mott Street Open Air Street Market from 2 P. M. to 3.45 P. M. on January 9, 1934, in violation of Rule 15 of the Rules concerning Vacations, Leaves of Absence and Sick Leave, adopted January 1, 1929."

Petitioner was appointed an assistant supervisor in the department of public markets about July 23, 1923. In 1925 his title was changed to that of supervisor. He is an honorably discharged veteran of the United States navy, and consequently was entitled to a hearing. He conceded that he was absent on January eighth and ninth, and that he failed to notify the office of the bureau of open air markets of his inability to report for duty on those days.

On January 6, 1934, petitioner complained of chills to Supervisor Partegas, his immediate superior, who permitted him to go home. That evening he visited the office of Dr. Ira W. Daly, who, after finding that he had a temperature of 102 degrees, diagnosed his illness as grippe and tonsilitis. Dr. Daly prescribed medication and directed petitioner to go to bed. On Sunday morning, January 7, 1934, Dr. Daly called on the petitioner at his home and having ascertained that the patient's temperature had dropped advised him to remain in bed for three or four days.

Because of the fact that there was no telephone in the house where the petitioner was boarding, and the family with whom he was living spoke very little English, he requested Dr. Daly to call the telephone operator at the department of markets on Monday morning and advise her of his illness. The doctor promised to comply with the request but failed. Petitioner was confined to his bed until January eleventh. On that day he went down to the department of markets. In the evening he received a letter at his brother's home and learned for the first time that he had been suspended, and that charges had been preferred against him for being absent without leave on January eighth and ninth.

Since the sole basis of dismissal was the alleged absence without leave, and the failure to notify the department in compliance with the rules, and the uncontradicted proof shows that the petitioner was ill, and had made a reasonable effort to notify the department of his inability· to work, the case falls within the rulings of *Matter of Elder* v. *Bingham* (118 App. Div. 25; affd., 189 N. Y. 509) and *Matter of Crowley* v. *Fowler* (217 App. Div. 16).

In *Matter of Elder* v. *Bingham* (*supra*) the petitioner had been dismissed from the police department for absence without leave on five consecutive days. It appeared that he had been ill during that period and thought that he had reported " ill " to the department. In the course of his opinion at Special Term, upon which the affirmance was based, Mr. Justice GARRETSON said: " The facts appear, therefore, that the defendant assumed to declare relator's office vacant and dismissed him from the force solely for the reason that he was absent without leave for five consecutive days and the relator shows that during that time he was ill. Absence, under the section (503) of the charter (which is substantially the same as section 273 of the Consolidation Act) which is caused by the act of God does not bring the penalty of dismissal upon the absentee. The absence that will deprive the officer of his place must be voluntary and intentional."

Again, in *Matter of Crowley* (*supra*) the petitioner was employed as a recording clerk in the office of the county clerk of Onondaga county. She was dismissed for absence without leave. The proof disclosed that the petitioner had visited her sister and was taken ill and confined to bed for a week. The sister called the county clerk, and in his absence left a report of petitioner's illness with a subordinate who failed to transmit the message. The court ordered her reinstatement, saying: " Unless we are prepared to hold as a matter of law that sudden, severe illness for a week is sufficient excuse to warrant forfeiture of a public position of this kind, then the respondent stands unjustified of his act. * * *

" But it is urged that removal might be made for breach of discipline in failing to observe a rule that notice of absence must be given to the clerk or his deputies by letter or telephone. * * * Its reasonableness as applied to an absence due to sudden illness might be questioned."

In order to offset the conclusive effect of these decisions, the respondent claims that the question of weight of evidence is a matter resting solely with the commissioner and that this court has not the right to review the evidence. To support his contention he cites the case of *People ex rel. Hart* v. *Board of Fire Comrs. of N. Y.* (82 N. Y. 358). That case, however, was a review by

a common-law writ of certiorari and simply held that where a subordinate tribunal has jurisdiction and where there is evidence legitimately tending to support its decision, the determination of the tribunal cannot be reviewed upon a common-law certiorari, if no rule of law was violated.

Respondent has failed to note, however, that the rule there laid down was changed by section 2140 of the Code of Civil Procedure, now section 1304 of the Civil Practice Act. In addition thereto, section 22 of the Civil Service Law specifically provides that an employee who has been removed for misconduct after a hearing is entitled, as a matter of right, to a review by certiorari. Furthermore, in *People ex rel. Gilson* v. *Gibbons* (231 N. Y. 171) Judge CRANE wrote: " The relator, however, in appealing to the Appellate Division was entitled to a review of all the evidence and a determination as to whether or not these three charges had been proven by a fair preponderance of evidence. (Code of Civil Procedure, section 2140.) Surely the chief could not be dismissed simply because a charge was made against him and sworn to. The charge would have to be proven by a fair preponderance of evidence. Like any other fact, it would have to be established. The Appellate Division apparently did not pass upon the weight or sufficiency of the evidence given to sustain these three charges, 6, 7 and 8. The justices felt bound to affirm the dismissal if there were any evidence against the relator, and have so stated. Referring again to the Appellate Division order, we find the court's conclusions to be ' That there is sufficient evidence upon some of the other charges to make a question of fact for the board, and we feel that we are bound by their decision upon those questions.' A question of fact always arises with an affirmation and a denial. Whether or not the affirmative or the negative be the truth depends upon the weight and sufficiency of the evidence in the one case or the other. The Appellate Division could not stop at the first stage and affirm merely because a question of fact was presented. The relator was entitled to the next step, *i. e.*, a determination as to whether or not the question of fact presented should have been decided against him because the evidence preponderated against him, or because the weight and sufficiency of the evidence were such as would have justified a jury in finding him guilty.

" We, therefore, conclude that this case must be sent back to the Appellate Division to have them pass upon the sufficiency of the evidence to sustain these three charges. Should it determine that they are not sustained by a fair preponderance of the evidence or that the main charges having been dismissed, a rehearing should be had, it would of course grant a new trial."

In this case petitioner's absence, as we have seen, was conceded. The charge that he was absent without leave was met by the uncontradicted proof of his illness. He made every reasonable effort consistent with the circumstances to notify the department of his illness. We have reached the conclusion, therefore, that the order of certiorari should be sustained, the determination of the commissioner annulled, and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Order of certiorari sustained, the determination of the respondent annulled, and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.