■ In the Matter of HARRY T. PITT, Petitioner, against TOWN BOARD OF THE TOWN OF RAMAPO, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review respondent's determination, made August 10, 1959, dismissing petitioner from his position of patrolman in the Police Department of the Town of Ramapo. The proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296) by order of the Supreme Court, Westchester County, made October 21, 1959. Determination, insofar as it sustains charges filed against petitioner, confirmed, without costs; determination, insofar as it dismisses petitioner from his position, annulled, on the law and facts, without costs, and proceeding remitted to the Town Board for the purpose of fixing a measure of discipline which is less drastic and which is more fitting and appropriate for the petty offense charged and proved, namely: failing to deliver promptly to the Ramapo Police Benevolent Association a $10 contribution which he received toward its Christmas Fund. It is our opinion

that the punishment here imposed, to wit, permanent dismissal, "is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361, 364). Hence, the imposition of such excessive punishment is an abuse of discretion by respondent (Civ. Prac. Act, § 1296, subd. 5-a; cf. *People ex rel. Rigby* v. *Anderson,* 198 App. Div. 283). Ughetta, Kleinfeld and Pette, JJ., concur; Beldock, Acting P. J., and Christ, J., dissent insofar as the determination is annulled, and vote to confirm said determination *in toto,* with the following memorandum: The respondent found the petitioner guilty of receiving $10 for the Christmas Fund of the Ramapo Police Benevolent Association and failing to turn the money over to the proper authority. Petitioner received the money on June 22, 1959. On June 29, 1959 he admitted having the money when he was questioned by the Chief of Police. Petitioner then claimed, however, that he had forgotten to turn it over. On July 13, 1959 he still had not done so; and on that day the Chief preferred charges against him. It was not until July 23, 1959, when the petitioner was before the Town Board on the trial of the charges against him, that he tendered the $10. In considering the Town Board's determination, it must be borne in mind that the petitioner is a policeman and as such must be honest and fully reliable. "A police officer is guilty of serious fault when he does an act even without evil intent which tends to destroy confidence in his integrity and honesty" (*Matter of Roge* v. *Valentine,* 280 N. Y. 268, 280). The petitioner was guilty either of dishonesty or gross carelessness. The Town Board has the responsibility of maintaining a good, efficient police force; and in this case, its determination cannot be found to have been arbitrary, capricious or unreasonable. Hence, its action should be sustained (*People ex rel. Masterson* v. *French,* 110 N. Y. 494; *People ex rel. Brown* v. *Greene,* 106 App. Div. 230, affd. 184 N. Y. 565).