(99 App. Div. 410)

PEOPLE ex rel. CAMPBELL v. PARTRIDGE, Police Com'r.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. DISMISSAL OF POLICEMAN—NEGLECT OF DUTY—EVIDENCE—SUFFICIENCY.
   Evidence *held* sufficient to show neglect of duty by a policeman, justifying his dismissal.

2. SAME—PROCEEDINGS—AUTHORITY OF COMMISSIONER.
   As under New York City Charter, Laws 1901, p. 129, c. 466, § 302, the police commissioner is the only official who can dismiss a policeman, and as such officer it is his duty to have knowledge of the condition of the force, the qualifications of the officers, and the way in which they discharge their duties, he is not disqualified from trying an officer and dismissing him from the force, because prior to the trial he had received a report of his misconduct and declared a knowledge of his guilt.

3. SAME—REVIEW OF PROCEEDINGS BY CERTIORARI.
   Code Civ. Proc. § 2127, provides that an application for a writ of certiorari must be made on a verified petition. Section 2134 provides that the person on whom a writ is served should make his return of the record or proceedings and a statement of other matters specified in and required by the writ. Section 2138 provides for a hearing on the writ and return, which, except as prescribed in section 2139, must be heard on the writ and return and the papers on which it was granted. Section 2139, in addition to providing for a case where there is no officer to make the return, provides that the court may permit either party to produce affidavits or other written proof of any alleged error of fact, or any other question of fact essential to jurisdiction, where the facts relating thereto are insufficiently stated in the return and cannot be made to appear by a further return. *Held*, that there was nothing therein to justify the addition to the return to a writ to review proceedings for the dismissal of a policeman of the opinion and report of a referee as to conversations with the commissioner prior thereto, showing prejudice against relator, though such conversations were stated in the petition for the writ, where the writ itself did not specifically direct a return as to such matter.

4. SAME.
   The right to present affidavits or other proof, under Code Civ. Proc. § 2139, is limited to a fact which affects the jurisdiction of the officer whose action is sought to be reviewed, and has no application to a case where the relator apparently wishes to show that a police commissioner was so prejudiced against him that he did not have a fair trial in proceedings for his dismissal, that not being a question of jurisdiction.

**5. SAME.**
> Though section 2139, Code Civ. Proc., is intended to apply where the jurisdiction of the officer whose proceedings are sought to be reviewed is affected by some extrinsic-fact which was not a part of the proceedings before him and about which he could not make a return, it is only the affidavits or other proofs that are to be annexed to the return, and not the report or opinion of a referee in relation thereto.
> Patterson, J., dissenting.

Certiorari by the people, on the relation of Thomas F. Campbell, against John N. Partridge, police commissioner, etc., to review the proceedings of the respondent in dismissing the relator from the police force of the city of New York. Writ dismissed, and proceedings affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Louis J. Grant, for relator.
T. Farley, for respondent.

INGRAHAM, J. The relator was charged with neglect of duty in (1) being absent from post and sitting at a table in a liquor saloon, in company with other patrolmen, throwing dice for money, at 4 a. m., August 20, 1902, and (2) in being in this saloon at or about 4 a. m., on August 20, 1902, and failing to arrest the person in charge for a violation of the liquor tax law. This charge was made by Capt. O'Reilly of the Fifth Precinct, and came on for trial before the police commissioner on the 27th day of August, 1902. On application of the relator, the trial was adjourned until the next day. Upon the trial Capt. O'Reilly testified that on the morning of August 20th, while on duty, he went into this saloon, following a citizen who entered the saloon by a side door; that he saw in this saloon, in a box at the end of the bar, the relator, with three other officers, throwing dice; that there was money on the table in front of the officers, and the captain seized the money, put it in his pocket, and the officers jumped up, and three of them made their escape through the front door of the box; that the captain seized one of the officers, not the relator, and held him; that this officer told the captain that the other men were Officers Heartt, Campbell, and Quigley; that the amount that was on the table was $23 in bills and $5.80 in silver, and the captain produced the money and the box and dice; that the captain then, with the officer, placed the bartender under arrest, and brought them to the station house. The captain positively identified the relator as one of the officers who were throwing dice in this saloon. The relator testified that he was not in the saloon on the night in question, and other witnesses were produced to corroborate his testimony. Upon this evidence the commissioner found this relator and the other officers found by the captain in this saloon guilty, and dismissed them from the force.

There is no question but that the evidence justified the decision of the commissioner, and that the commissioner had jurisdiction to hear the charges, to convict the relator, and to dismiss him from

the force. The case is brought here, however, upon what is called "an additional return to the writ of certiorari," and, because of this so-called additional return and the facts therein stated, the relator asks us to reverse the conviction and restore him to the force.

The relator appeared before the commissioner by counsel, who conducted the trial on his behalf. The petition for the writ alleges that upon the day the relator was required to appear for trial his counsel had a consultation with the police commissioner, in which the police commissioner stated substantially that the patrolmen, referring to the relator and the three other officers against whom charges had been made, were guilty of the charges, and that their counsel knew that they were guilty, and that he as counsel could not help them, and that it would be useless for counsel to request an adjournment, as the police commissioner would not grant it. To this the relator's counsel answered that he did not believe that these officers were guilty, and was very much surprised that the commissioner should have come to the conclusion that they were guilty before he had heard the evidence. To this the commissioner replied that he would believe Capt. O'Reilly in preference to these officers against whom charges had been made and 50 others. The petition further alleges that the police commissioner was biased and prejudiced, and practically adjudged the petitioner guilty of the said charges before any testimony was taken, and was, because of his bias, partiality, and prejudice, incompetent to pass upon the petioner's guilt or innocence. This allegation in the petition was not answered by the return, but there is annexed to the record an order of the Special Term which recites that a motion had been made to require the police commissioner to make a further return as to whether or not the conversation between the relator's counsel and the police commissioner, as set out in the return, was true; and also whether, prior to the trial of the relator and the three other officers, the commissioner discussed with Capt. O'Reilly, the complainant, the case of the defendant; or whether or not the said O'Reilly told the respondent of the facts surrounding the charges against the defendant before they were tried; and, this motion coming on to be heard, an order was entered appointing a referee to take such testimony as might be produced by the respective parties therein upon the question of fact arising on the motion, and directing the referee to report the same with his opinion. The referee having filed a report, and the relator having moved for an order confirming the report and granting a motion theretofore made for a further return, it was ordered that the report of the referee be confirmed, and that the police commissioner "do make and file a further additional return to the writ of certiorari herein, which said return shall consist of a true and correct copy of the opinion of the said referee." In pursuance of this order, the police commissioner returned the opinion and report of the referee. This opinion states that the commissioner was examined before the referee, and, while he stated that he did not remember some of the statements made by counsel for the relator as to this interview, there was in fact no contradiction of the evidence given by

the relator's counsel as to the conversation. The report of the referee annexed to the return found as a fact that the commissioner expressed surprise that the relator's counsel was counsel for these officers charged, and said to the counsel: "You need not ask for an adjournment, because I know these men are guilty, and you know it, too;" to which the counsel replied, in substance: "What possible chance have these men for a fair trial if you say, before you hear them or their witnesses, that they are guilty, and that I, their counsel, know they are guilty?" In the course of said conversation the police commissioner said that he would believe Capt. Miles O'Reilly against these defendants, in preference to 50 policemen; and on several occasions prior to the trial of the relator and his three codefendants the police commissioner discussed with the said Miles O'Reilly, the complainant, the case against the said defendants, and was made acquainted by the said O'Reilly with the facts and circumstances surrounding the charges against said defendants.

Under the charter of the City of New York the police commissioner is the only official who can dismiss a policeman from the force. Section 302, c. 466, p. 129, Laws 1901. As police commissioner, it is his duty to have knowledge of the condition of the force, the qualifications of the police officers, the way in which they discharge their duties, and certainly the fact that in the discharge of his duty he has acquired knowledge of derelictions on the part of police officers could not disqualify him from hearing the charges and determining whether or not an officer was guilty. To hold that under such circumstances the police commissioner was disqualified, would prevent him from dismissing from the force any officer who was notoriously guilty of such offenses as would require his dismissal. The more guilty an officer was, and the more notorious his guilt, the more certainly would the police commissioner be disqualified for trying him, and the more secure the officer in his position. Whatever knowledge the police commissioner had, he could only convict an officer where the testimony taken before him in the presence of the officer justified the conviction; but the fact that he had knowledge of the guilt of the officers, acquired because of his familiarity with the police force, certainly did not disqualify him from convicting the officer if the charges were proved; and, if knowledge of the proof of the officer's guilt would not disqualify him, the fact that he stated to the counsel for the officer charged that he had knowledge of his guilt would not disqualify him. While a deputy commissioner would have a right to preside at the trial, he could not dismiss the officer from the force. Nor does the fact that the commissioner had discussed with the police captain the charges against these officers before the trial disqualify him from presiding at the trial. It was the duty of the police commissioner to inform himself of all facts in relation to the police force, and to receive the reports of the various captains as to the conduct of the men under them; and the fact that the police captain reported to his superior officer that he had discovered four men of the force violating their duty could, upon no principle, dis-

qualify the commissioner from subsequently passing upon the guilt of the men about whom the captain had reported. I have read over all of this testimony, and the effect that it has produced is that I am quite satisfied with the decision arrived at by the commissioner, and think he was fully justified in finding these officers guilty, and, as I view it, there is nothing in these facts as reported by the referee to justify the court in overturning his judgment, based upon the evidence taken before him, and in restoring the relator to duty.

But, in my opinion, the proceedings taken in this case to bring these facts before the court were entirely irregular, and not justified by the provisions of the Code. Section 2127 of the Code of Civil Procedure provides that an application for a writ of certiorari must be made on a verified petition. Section 2134 provides that each person upon whom a writ of certiorari is served must make and annex to the writ, or to the copy thereof served upon him, a return with a transcript annexed, and certified by him, of the record or proceedings, and a statement of the other matters specified in and required by the writ. Section 2138 provides for a hearing upon the writ and return, which, except as prescribed in section 2139, "must be heard upon the writ and return, and the papers upon which the writ was granted." Section 2139 provides that:

"If the officer or other person, whose duty it is to make a return, dies, absconds, removes from the state, or becomes insane, after the writ is issued, and before making a return, or after making an insufficient return; and it appears that there is no other officer or person from whom a sufficient return can be procured by means of a new certiorari; the court may, in its discretion, permit affidavits, or other written proofs, relating to the matters not sufficiently returned to be produced, and may hear the cause accordingly."

This provision does not apply, because a return could be required from the police commissioner. The section then provides:

"The court may also, in its discretion, permit either party to produce affidavits, or other written proofs, relating to any alleged error of fact, or any other question of fact, which is essential to the jurisdiction of the body or officer, to make the determination to be reviewed, where the facts, in relation thereto, are not sufficiently stated in the return, and the court is satisfied that they cannot be made to appear, by means of an order for a further return."

This proceeding was not authorized by the above provision. The writ issued did not specifically require the commissioner to return his conversation with counsel for the relator prior to the formal proceedings, or to state whether or not he had had conversations with Capt. O'Reilly in relation to these charges before the trial. By the writ the commissioner was required to make and return "all and singular the act, acts and proceedings by you had in the premises, and all affidavits, proceedings, and things before you, together with your action, decision, and proceedings in the premises of the removal of Thomas F. Campbell, heretofore a member of the police force of the police department of the city of New York, at or in any way or manner relating thereto, with this writ." The police commissioner, in answer to this writ, made the return required of him, and the fact that there was in the petition a state-

ment of these conversations about which the writ did not require a return did not justify the court in adding this opinion and report to the return. If the relator had wished to compel the police commissioner to return these conversations that he had with the relator's counsel, the writ should have specifically directed such a return, and that could have been compelled by the court upon the proper motion. But there is nothing in the provisions of the Code that justifies a return of the opinion and report of the referee as a further return.

The provisions of section .2139 of the Code of Civil Procedure, to which attention has been called, justifies the court in permitting either party to produce affidavits or other written proofs relating to any alleged error of fact, or any other question of fact which is essential to the jurisdiction of the body or officer to make the determination, to be reviewed. This right to present affidavits or other proof is limited to a fact which affects the jurisdiction of the officer whose action is sought to be reviewed. Now, nothing that was proved before the referee affected the jurisdiction of the commissioner. His right to try these cases is provided for by · the charter, and his jurisdiction is unquestionable. What the relator apparently wishes to show is that the commissioner was so prejudiced against the relator that the relator did not have a fair trial. But that was not a question of jurisdiction. Nor was there any difficulty in requiring by the writ, if the relator was entitled to it, a return by the police commissioner as to whether or not he had made the statements alleged in the petition. It is only where the court is satisfied that the facts cannot be made to appear by means of an order for a further return that it is authorized to permit affidavits or other proof to be supplied. This provision was plainly intended to apply where the jurisdiction of the officer whose proceedings were sought to be reviewed was affected by some extrinsic fact which was not a part of the proceedings before him, and about which he could not make a return. But even then it is only the affidavits or other proofs that are to be annexed to the return, and not the report or opinion of the referee as to these facts. .

The Code of Civil Procedure provides a very simple method of reviewing proceedings of officers by a writ or certiorari. The writ must direct the return that is to be made. The officers whose proceedings are to be reviewed must make the return required· by the writ. The court has ample power to compel a further return in case the original return is insufficient; but it is upon the writ and return, and the papers accompanying it, that the questions are to be determined; and it is only so far as is allowed by section 2139 of the Code of Civil Procedure that any other proof can be considered upon the final hearing. There was no question presented in this case which justified the court in doing more than to require the police commissioner to make the return required by the writ, and upon the final hearing it is only the return required by the writ that we are justified in considering. In this case I think the relator was convicted upon competent testimony, that no rule of law was violated, that the commissioner had jurisdiction to hear

and determine the case, and that nothing is shown to justify the court in reversing the proceeding.

It follows that the writ must be dismissed, and the proceedings affirmed, with costs.

LAUGHLIN, J., concurs. VAN BRUNT, P. J., and HATCH, J., concur in result. PATTERSON, J., dissents.