PEOPLE ex rel. BROWN v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, Second Department. June 29, 1905.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—POLICE FORCE—DISCHARGE OF OFFICER—DISQUALIFICATION OF COMMISSIONER.

The making of an order by a deputy police commissioner directing a captain to prefer charges against an officer in accordance with rules of the department, requiring captains to prefer charges against patrolmen who club a citizen, does not disqualify the deputy commissioner from taking the evidence or conducting the hearing against the officer.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 497.]

2. SAME—PROCEEDINGS BEFORE COMMISSIONER—ADJOURNMENTS.

The action of a deputy police commissioner, who conducted proceedings against an officer for his removal, in granting an adjournment after the examination of a few witnesses to a day on which the witnesses examined were produced for cross-examination by the officer's counsel and the officer produced and examined his own witnesses, cured an error in refusing the original request of the officer for an adjournment on the ground of the absence of his counsel and witnesses.

3. SAME—HEARING BEFORE COMMISSIONER—SCOPE OF COMMISSIONER'S AUTHORITY.

Under Code Civ. Proc. § 2140, subd. 5, limiting the court, in reviewing the evidence on certiorari, to the determination of whether there was such a preponderance of proof against the existence of the facts necessary to be proved that the verdict of a jury affirming the existence thereof would be set aside by the court as against the weight of the evidence, a police commissioner, in hearing charges against an officer, is vested with the function of passing upon the credibility of witnesses and the weight of their evidence, and with a wide discretion in making his determination, which will not be disturbed unless there is an absence of evidence to sustain it.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 497.]

Certiorari by the people, on the relation of Andrew Brown, to review the determination of Francis V. Greene, as police commissioner of the city of New York, in dismissing relator from the police force of the city of New York. Determination confirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Samuel J. Rawak (Louis J. Hamel, on the brief), for relator.
James D. Bell (Edward H. Wilson, on the brief), for respondent.

RICH, J. This is a writ of certiorari bringing before us for review the determination of the defendant finding the relator guilty of a violation of the rules of the police department of the city of New York, and dismissing him from the force.

There is no question that the defendant had jurisdiction of the subject-matter, and that he pursued the authority conferred upon him in the mode required by law to authorize his determination, and there is no force in the contention of relator that the deputy commissioner before whom the evidence was taken, and who recommended the dismissal, directed Capt. Bedell to make the charges, and for that reason was the actual complainant in the case. The defendant made a return September 24th, in which he states that there was no order issued by the deputy, and that by the rules of the department it was the duty of captains to prefer charges against any patrolman who, while on duty, used his club on a citizen except in self-defense. Such an order would not have disqualified the deputy commissioner, or furnished an adequate cause for his not proceeding with the hearing. People ex rel. Campbell v. Partridge, 99 App. Div. 410, 91 N. Y. Supp. 258, affirmed, without opinion, 180 N. Y. 542, 73 N. E. 1130.

It appears that, when the proceedings came on to be heard, the deputy commissioner refused the relator an adjournment asked on the ground that his counsel could not be present and that his witnesses were not in attendance, and proceeded with the hearing, but after the examination of three witnesses he granted an adjournment, and on the adjourned day all the witnesses previously examined were produced for cross-examination by the relator's counsel, at which time he produced his own witnesses, who were examined in his behalf, and this cured the error complained of.

No prejudicial error was committed by the deputy commissioner in his rulings on the trial. Competent proof was made of all the facts necessary to be proven in order to authorize the determination under review. Although the evidence was contradictory and conflicting, we are limited by section 2140, subd. 5, of the Code of Civil Procedure, to the determination of whether there was such a preponderance of proof against the existence of the material facts necessary to sustain the determination that the verdict of a jury upon the same facts would be set aside as against the weight of evidence. I think it would not. There is no question but that between the hours of 4 and 5 o'clock on the morning of September 4, 1903, the relator arrested James L. Halliday at Myrtle avenue and Adams street, in the borough of Brooklyn, and at that time and place used his club upon Halliday to such an extent as to render his removal to the Brooklyn Hospital necessary, and that the injury sustained by him was very serious admits of no doubt. The only contention on the hearing was as to the circumstances attending the arrest, and whether the relator was justified in the use he made of his club. Three witnesses were sworn on each side; their testimony was conflicting and at variance, and their conduct and character open to criticism. The credibility to be given them and the weight to be attached to their evidence was peculiarly within the province of the deputy commissioner. The holding of the appellate courts of this state has uniformly been that the good of the service requires that a wide discretion should be vested in police commissioners, and that their judgment and determination in a

given case will not be disturbed unless there is an absence of evidence to sustain it. They being the statutory judges of offenses against the discipline and efficiency of the police force under their jurisdiction, their findings and determination on the facts, when the evidence is conflicting and contradictory, should be regarded as conclusive, when there is, as in this case, sufficient evidence, if believed, to sustain their determination.

The determination of the defendant should be confirmed, with costs. All concur.