In the Matter of the Application of CHARLES E. SINGER, Petitioner, Appellant, for a Mandamus Order against MARK GRAVES, Commissioner of Taxation and Finance of the State of New York, and MORRIS S. TREMAINE, Comptroller of the State of New York, Respondents.

Third Department, April 27, 1938.

*John T. DeGraff*, for the petitioner, appellant.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the respondents.

RHODES, J. Prior to September 1, 1937, petitioner applied for a peremptory mandamus order to compel his reinstatement to his position, which application was denied by the order appealed from. He was senior income tax examiner in the Department of Taxation and Finance. Charges signed by the Commissioner of Taxation and Finance dated November 30, 1936, were served on him with a notice that he would be removed upon such charges unless they were explained and disproved. They were to the effect that having been assigned to make a field audit of the income tax returns of one Anna M. Swift, he failed to make such an audit and untruthfully reported to his superiors that " A complete

analysis has been made of taxpayer's accounts and no additional tax could be found. No accountant has been employed."

He answered the charges, the answer denying the same and justifying his conduct. Thereupon an order of removal was made by the Commissioner, the order finding him guilty of misconduct and neglect of duty. The removal was in accordance with subdivision 2 of section 22 of the Civil Service Law.

No complaint is made that the proper procedure concerning removal was not followed.

When he was assigned to make the field audit in question he called at the place of business of the taxpayer, but could not gain entrance into the house nor obtain any information as to her or her whereabouts, and was informed that neither she nor any of her representatives would see him. Thereupon he caused a " notice to appear " to be mailed to the taxpayer, and thereafter and pursuant to such notice, Charles Hahn, an examiner in the New York Income Tax office, approached petitioner and stated that he had prepared tax returns for this taxpayer for the years involved. These returns were examined by petitioner, who was informed by Hahn that he had prepared them from the check books of the taxpayer and that no other books of account were available and that the check stubs and canceled vouchers were also not available. After checking over the work sheets and returns petitioner made a report, which report stated as above recited.

The taxpayer in question was ostensibly the owner and proprietress of a massage institute, licensed by the Commissioner of Licenses of the State, but as a result of evidence disclosed in a police raid, she was charged with and convicted of running a house of prostitution in connection with her massage institute, which facts disclosed in the raid were unknown to the petitioner when he examined the income tax reports, such examination being long prior thereto. In the course of the raid a search of a safe revealed certain bank books which were claimed to represent unreported income of the taxpayer.

Petitioner argues that at most he was guilty of an error of judgment; that the charges involve simply a technical violation of duty, not of sufficient substance to justify a dismissal from the service. He recognizes that in a proceeding of this nature the court cannot determine the truth or falsity of the charges or of the explanation given by the employee, and concedes that the law is well established that the court cannot review a disputed question of fact when an employee is dismissed under the provisions of the Civil Service Law referred to. (See *People ex rel. Brown* v. *O'Brien,* 137 App. Div. 311; *Matter of Griffin* v. *Thompson,* 202 N. Y. 104.)

Under subdivision 2 of that section a civil service employee is not entitled to a trial and hearing, but he may not be removed " except for reasons stated in writing, and the person whose removal is sought shall have notice of such proposed removal, and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing."

Petitioner was directed to make a field audit, the purpose of which, of course, was to ascertain the facts as to the taxable income of the taxpayer in question. From his own statement it appears that he not only failed to ascertain the true situation as to the taxpayer's income, but made a report which did not state the facts which should have been included in it, namely, that the information which he provided came from a fellow examiner.

The court below was correct in holding that there was substance to the charges and that they were sufficient to justify removal.

The order should be affirmed, with ten dollars costs and disbursements.

HILL, P. J., McNAMEE and BLISS, JJ., concur; HEFFERNAN, J., dissents, and votes to reverse the order appealed from, on the ground that the petitioner was acting in good faith, and that the charges against him are frivolous and without substance.

Order affirmed, with ten dollars costs and disbursements.