In the Matter of the Application of WILLIAM HAGAN, as President of The Greater New York Park Employees Association, Petitioner, for an Order against WILLIAM J. PICARD and Others, Constituting the Board of Standards and Appeals of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, June 12, 1939.

*Maloney & Doyle,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General,* and *Edward J. Gretchen, Assistant Attorney-General,* of counsel], for the respondents.

BERGAN, J.   The Greater New York Park Employees Association is an unincorporated group of public employees.  Its members,

desiring to incorporate as a membership corporation, executed a certificate of incorporation. The stated object of the corporation was " for the mutual benefit and to advance the welfare and interests of the employees of the Park Department of the City of of New York." Indorsed upon the certificate was the approval of a justice of the Supreme Court. (Membership Corp. Law, § 10.) Conceiving that the corporation was one for " the organization of working men * * * and wage earners for their mutual betterment, protection and advancement " within the scope of subdivision 1-a of section 11, the incorporators submitted the certificate to the State Board of Standards and Appeals for its approval as required by that subdivision. Approval was refused. This proceeding, in pursuance of article 78 of the Civil Practice Act, is to compel approval.

The statute does not require the Board of Standards and Appeals to hold a hearing or to take evidence. Nevertheless, a hearing was called and held at which evidence was taken. It is not alleged that the conclusion reached by the Board was without any competent proof in its support, or was against the preponderance of the proof taken, within the scope of subdivisions 6 and 7 of section 1296 of the Civil Practice Act, which, if the hearing was in pursuance of " statutory direction," would require the proceeding to be transferred to the Appellate Division. Moreover, a mere voluntary hearing conducted without statutory direction does not require the transfer of the proceeding to the Appellate Division, even though it be complained that the result is without evidence or against the weight of evidence. The complaint here is that the determination violates a rule of law affecting the rights of the petitioner — that it is arbitrary and discriminatory. This specification falls within subdivision 5 of section 1296 and must be determined by the Special Term. No triable issue of fact being raised, the court must make such final order as the case requires.

Upon the merits, the conclusion seems to me inescapable that the refusal of the Board to approve the certificate is arbitrary and without justification in law. I find nothing in the statute which renders unlawful the organization of public employees for their mutual welfare and benefit. They have the same right to mutual help and assistance that other citizens have — and to group themselves together for that purpose. Concededly the unincorporated form of organization of public employees is not unlawful. If it were, the units now in existence would be disbanded by public authorities and their members prosecuted. The distinction in principle between the unincorporated and the corporate form of mutual benefit groups is not apparent.

In its memorandum of opinion the Board states that it is " not convinced that the purposes sought to be achieved by the association can best be attained through the instrumentality of a corporation recognized and approved by the sovereign State of New York." It points out that for years two other organizations of public employees have " functioned very successfully " as unincorporated bodies. This seems to me to be gratuitous advice and to be an assumption of authority and regulation of the conduct and enterprise of others entirely beyond the powers of the Board. The advisability of relative or alternative forms of organization is certainly a subject to be determined by the incorporators for themselves and not by the Board.

The power vested by statute in the Board of Standards and Appeals to approve or disapprove certificates of incorporation of organizations of working men is, for all practical purposes, ministerial. It does not vest in the Board powers to approve or disapprove upon the basis of whim or caprice, or in pursuance of some policy which the Board thinks should be followed by the State. If the purpose of the corporation is not unlawful, i. e., in violation of the plain language of the statute, it must be approved. It is not competent for the Board to withhold approval because it is not in sympathy with the purposes of the corporation.

Policies of this character are legislative and not administrative and I have carefully searched the statute and have not found any legislative indication of intent to delegate any such power of directing public policy under the guise of approval or disapproval of certificates of incorporation.

This group of public employees has the right to organize, and under the Membership Corporations Law it has the right to use the corporate form, and no justification at law has been established for the withholding of formal approval of the certificate.

Relief asked in the petition granted. Submit final order.