MICHAEL M. COHN, as Executor, etc., of LILLIAN H. COHN, Deceased, Respondent, v. HERMAN E. ROSENBERG, Appellant.— Defendant has appealed from an order of the Albany Special Term of the Supreme Court, denying his motion for a change of venue from the county of Albany to the county of Fulton, for the convenience of witnesses. The action is to recover damages claimed to have been sustained as a result of false representations upon which the plaintiff's agent relied in purchasing defendant's shares of stock in a corporation. The Special Term found that the convenience of material witnesses would not be aided by a change, nor would the ends of justice be promoted thereby. Order affirmed, with ten dollars costs and disbursements. Crapser, Bliss, Heffernan and Foster, JJ., concur; Hill, P. J., dissents, upon the ground that the alleged cause of action arose in Fulton county and that each of the witnesses resides there.

JOSEPH S. KENNAH, Respondent, v. DANIEL J. HURLEY, JR., Appellant.— Appeal from an order granting a summary judgment under rule 113 of the Rules of Civil Practice. The action was brought to recover the amount of a check. The answer raised the issue that defendant, the drawer of the check, had been discharged in bankruptcy from his debts, including that for which this action is brought. It appears that this plaintiff was not listed as a creditor, and that the debt was not discharged. Orders and judgment affirmed, with costs. Hill, P. J., Bliss and Foster, JJ., concur; Crapser and Heffernan, JJ., dissent, on the ground that the papers upon which the motion was granted did not meet the requirement of rule 113 of the Rules of Civil Practice, and on the further ground that upon all the papers in the case there was a triable issue of fact.

In the Matter of the Application of WILLIAM HAGAN, as President of the Greater New York Park Employees Association, Petitioner, for an order against WILLIAM J. PICARD and Others, Constituting the Board of Standards and Appeals of the State of New York, Appellants.— Defendants have appealed from the final order of the Albany Special Term of the Supreme Court which annulled a determination of the Board of Standards and Appeals disapproving a proposed certificate of incorporation of the Greater New York Park Employees Association, Inc. It was conceded on the argument by the Attorney-General that he does not question the correctness of the order from which the appeal is taken. It was also conceded by him the proposed certificate of incorporation is not inconsistent with the provisions of the New York State Labor Relations Act. The Attorney-General, however, urged that the order being based on erroneous grounds from his viewpoint, he has, therefore, appealed from the entire order. Order unanimously affirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.