In the Matter of IRVING HOROWITZ, Respondent, against CELIA DOMBROFF, Appellant.— Order denying appellant's motion to vacate a subpœna in supplementary proceedings, on the grounds that the respondent is not the real party in interest and that he has no title by reason of his bankruptcy, from which he has been discharged, affirmed, with $10 costs and disbursements; examination to proceed on five days' notice. No opinion. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.

■

In the Matter of JOHN SINCERBEAUX, Petitioner, against FRANK T. HANLON, as Commissioner of Public Safety of the City of White Plains, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination by the commissioner of public safety of the city of White Plains finding petitioner guilty of two charges preferred against him and dismissing him from the police department. The proceeding has been transferred to this court pursuant to section 1296 of the Civil Practice Act. Determination unanimously confirmed, without costs, and the petition dismissed. No opinion. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ. [See 283 App. Div. 670.]

■

FRED KASSEBAUM, Appellant, v. LILLIAN PETERS, Respondent.— In an action to set aside a conveyance of real property and for incidental relief, plaintiff appeals from an order granting defendant's motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, with leave to plaintiff to serve an amended complaint. Order affirmed, with $10 costs and disbursements; the amended complaint to be served within ten days after the entry of an order hereon. No opinion. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.

■

MARGARET MCCONNELL, Appellant, v. FRANCIS J. MCCONNELL, Respondent.— In an action for separation, defendant withdrew his answer at the time the case came on for trial on February 19, 1951. However, judgment of separation was never entered, although the court had granted plaintiff's motion for judgment at the conclusion of the trial. In June, 1953, defendant moved under rule 302 of the Rules of Civil Practice to dismiss the complaint for failure to prosecute, or, in the alternative, to vacate the inquest taken on February 19, 1951, and to restore the case to the calendar for trial. The alternative relief was granted on certain conditions. Thereupon plaintiff moved for reargument, which was granted, but the original decision adhered to. Plaintiff appeals from both orders. Order on reargument affirmed, without costs. No opinion. Appeal from original order dismissed, without costs. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.