■ In the Matter of John D. Jones, Petitioner, against Francis W. Adams, as Police Commissioner of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the police commissioner of the City of New York adjudging petitioner guilty of the charges preferred against him and dismissing him from the police department which has been transferred to this court pursuant to section 1296 of the Civil Practice Act. Determination annulled, without costs, and matter remitted to the police commissioner for further proceedings not inconsistent herewith. Petitioner was charged with "Conduct prejudicial to the good order, efficiency and discipline of the Department, violation of the rules and regulations," in that he gave false and untrue answers in the course of an official police department hearing and investigation. The bill of particulars amplifying the charge set forth twenty-one questions and answers and alleged that those answers were false. They related to petitioner's activities while a member of a labor union, prior to his appointment to the police force, which union was expelled from the C. I. O. because it was allegedly communist-dominated. After a ·lengthy hearing, petitioner was found guilty of the charges and dismissed. Despite the sharp conflict in the testimony, there was substantial evidence showing that many of the answers made by petitioner were untrue, and the commissioner's determination to that effect may not be interfered with by the courts. (Cf. *People ex rel. Brown* v.

*Greene,* 106 App. Div. 230, 232, affd. 184 N. Y. 565; *People ex rel. Guiney* v. *Valentine,* 274 N. Y. 331, 333-334; *Matter of Miller* v. *Kling,* 291 N. Y. 65, 68-69, and *Matter of Lynch's Builders Restaurant* v. *O'Connell,* 303 N. Y. 408, 410.) Those answers in the main were denials that petitioner had solicited contributions for, and distributed literature concerning, causes which may be considered favored or sponsored by communists. There was no competent proof, however, that petitioner answered falsely, as charged, in denying that he ever belonged "to any organization that was associated with the Communist Party" or ever performed "any kind of duty for the Communist Party". We do not consider that the punishment imposed would have been improper, or inappropriate, if based on a finding that the other answers made by petitioner were untrue. We are unable to determine, however, whether the same punishment would have been imposed, if based only on that finding. The matter is remitted, therefore, so that the question of punishment may be decided by the commissioner, on consideration of our determination that the two charges above referred to were not sustained. (Cf. *Matter of Sullivan* v. *Moynihan,* 285 App. Div. 965.) Nolan, P. J., Wenzel, Beldock and Hallinan, JJ., concur. Murphy, J., dissents and votes to confirm the determination of the police commissioner. Petitioner, a police officer, answered falsely to fifteen out of twenty-one questions put to him.