Sidney A. Fine, J.
The petition seeks an order pursuant to article 78 of the Civil Practice Act directing the respondent City Civil Service Commission to reinstate the name of the petitioner upon an eligible list for patrolman.
In 1956 the commission tentatively placed the petitioner’s name on that eligible list, subject to future investigation.
Thereafter, the commission made certain investigations, after which it gave the petitioner notice of an opportunity to be heard in connection with his eligibility for said position. On October 24, 1956 the petitioner attended in person before three officials of the department of personnel and admitted, under oath, several incidents which allegedly reflected unfavorably on his character. Thereupon, the director of the department of personnel declared the petitioner not qualified and removed his name from the eligible list.
The petitioner appealed to the City Civil Service Commission. A hearing was held on the appeal at which the petitioner appeared in person and by attorney. The petitioner was sworn and he made statements in which he admitted certain events and offered explanations therefor for the consideration of the commission. However, the eommisson denied the appeal.
Upon allegations that the cancellation of his eligibility is illegal, arbitrary and capricious, the petitioner seeks reinstatement of his name on the eligible list.
The respondent City Civil Service Commission has filed an answer setting forth all the proceedings taken in the petitioner’s case, including a transcript of the hearing held on October 24, 1956 before three officials of the department of personnel and a transcript of the appeal heard on December 19, 1956 before a majority of the members of the City Civil Service Commission; and it has made a cross motion to transfer this proceeding to the Appellate Division of the Supreme Court for disposition. .
Under section 1296 of the Civil Practice Act, a proceeding may be transferred to the Appellate Division of the Supreme Court for disposition in certain cases only “ Where the deter- *1078 initiation under review was made as the result of a hearing' held, and at which evidence was taken, pursuant to statutory direction” (emphasis supplied). Here, the evidence was not taken pursuant to statutory direction. Subdivision f of section 813 of the New York City Charter, as amended by chapter 354 of the Laws of 1954, empowers the director of the department of personnel “ To investigate applicants for positions in the Civil Service; to review their qualifications, and to revoke or rescind any certification or appointment by reason of the disqualification of the applicant or appointee ”.
Section 812 of the New York City Charter empowers the City Civil Service Commission “ to hear and determine appeals by any person aggrieved by any action or determination of the personnel director made pursuant to subdivisions * * * f * * * of section eight hundred thirteen of this charter ”.
Neither of these statutes requires evidence to be taken as to disqualification nor as to the appeal therefrom. Consequently, the evidence which was actually taken was not taken pursuant to statutory direction, and, therefore, it does not require transfer of the proceeding to the Appellate Division of the Supreme Court for disposition (Matter of Hagan v. Picard, 171 Misc. 475, affd. 258 App. Div. 771).
Respondent argues that the commission’s rules provide for an opportunity to be heard prior to disqualification, and, also, upon appeal from a disqualification, that subdivision 1 of section 6 of the Civil Service Law gives to the commission’s rules ‘ the force and effect of law ’ ’; and that, consequently, the evidence taken at the disqualification hearing, and upon the appeal from the disqualification, should be deemed to have been taken pursuant to statutory direction. But the commission cannot, by its rules, enlarge its own statutory powers or change a nonstatutory hearing into a statutory one (Matter of Hilsenrad v. Miller, 284 N. Y. 445, 451; Matter of Scheiber v. Hodson, 259 App. Div. 636, motion for leave to appeal denied 284 N. Y. 820; see Matter of Barry v. O’Connell, 303 N. Y. 46, 53).
Accordingly, the cross motion to transfer the proceeding to the'Appellate Division of the Supreme Court for disposition is denied.
As to the merits, the record sets forth the facts which the commission considered in making its determination to remove the petitioner’s name from the eligible list. It cannot be said that there was no factual basis for the commission’s determination, or that it was wholly- arbitrary. The law empowers the commission, in its discretion, to determine whether applicants *1079 possess the qualifications for placement on eligible lists, and the court cannot substitute its discretion for that entrusted by law to the commission, since no illegality or abuse of discretion has been shown in this case. Consequently, the petitioner’s motion is denied, and the petition is dismissed.