Lestes Holtzmae, J.
Application for an order reviewing the determination of the respondent as Police Commissioner of the City of New York.
Petitioner is an honorably discharged veteran of the Marine Corps, having served during World War II from February, 1943 to November, 1946. In December, 1947 petitioner was duly appointed a police officer in the New York City Police Department. On May 28,1957, while on school-crossing duty, petitioner sustained injuries to the cervical region of his spine resulting in serious disability which incapacitated him from performing his duties as a patrolman. He was placed on “ sick report.” Prior to this injury he apparently enjoyed reasonably good health during his 10 years with the Police Department and had been sick on only three occasions; in 1949, for two days; in 1950, for one day and in 1956-57 for 20 days. He had never had a complaint filed against him. The injuries sustained in May, 1957, however, were apparently very serious and he has been on sick report ever since.
On October 7, 1960, petitioner was charged with violation of the rules and regulations of the Police Department in that while *67 on sick report he had, between October 1 and October 4, 1960, (1) engaged in another occupation and (2) been absent from his residence without the permission of his District Surgeon. At the departmental trial petitioner pleaded * ‘ Guilty with an explanation ”.
The facts constituting the explanation are as follows: In December, 1959 petitioner’s wife sought to set her brother up in business. In order to do so she induced the petitioner to place a second mortgage on their home and to buy all of the outstanding stock of a laundromat business. Petitioner did not take an active part in the management of this business, but on the advice of his attorney accepted the title of president of the corporation in order to protect his investment. He states that he did not believe that accepting such an office was the type of participation in business that was prohibited by the Police Department regulations.
After the business had been purchased, petitioner’s brother-in-law declined to take an active interest in it and within five months after it had been purchased petitioner and his wife put the business up for sale and placed advertisements in several newspapers. In the meantime, however, petitioner’s wife ran the business in order to protect their investment. Eventually they were able to sell the business on May 19,1961. During the time that they owned it petitioner, on several occasions, went to the laundromat to pick up his wife or to bring his own family’s wash.
On several other occasions petitioner left his home to go to stores or to pick up his children at school. When we consider that petitioner was disabled for three and one-half years it was unrealistic to expect that he would stay within the four walls of his home without ever venturing out. Current medical opinion does not advocate strict confinement of ambulatory patients.
Ho question has been raised with respect to petitioner’s inability to perform his duties as a patrolman. At no time has he been charged with malingering. Since the accident petitioner has been reporting regularly to the Police Surgeon’s office. In the Summer of 1960, just before these charges were brought against him, petitioner, at the request of the Police Commissioner, was examined by several specialists. They were of the opinion that the injury to petitioner’s back would require surgery, but apparently no operations have yet been performed.
Inasmuch as petitioner pleaded guilty to the charges, we must assume that they are true. The question raised by the petitioner in this proceeding, however, is that the penalty inflicted was excessive.
*68 Several important facts stand out in this case. First, there is no question that the petitioner was injured and that he was unfit for police duty and was so found by the Police Department’s own surgeons. Second, the injury suffered by the petitioner was incurred in the line of duty and not while he was indulging in some athletic exercises or recreation of his own choosing. Third, petitioner’s participation in the laundromat business was for the most part in the nature of an honorary position and was motivated by a perfectly understandable desire to protect the money which he had invested and for which he had placed a second mortgage on his home. Fourth, his entire police record had been clean and no complaints had ever been filed against him. Considering these circumstances, while petitioner may have been guilty of a technical violation of the rules, the penalty of dismissal was unduly harsh.
Rules and regulations, like all just laws, must have their basis in reason. When a rule is applied by rote over a long period of time its original purpose is sometimes obscured. This, of course, does not constitute an objection in point of law since while the rule exists it must be obeyed.
But in determining the punishment to be imposed, it is important to consider whether the violation of the rule tended to nullify the purpose for which it was enacted or the evil against which it was directed or whether it was merely a violation of the letter of the law.
In the instant case there is no question that the real purpose of the rules which petitioner violated was to prevent a man from taking time off on the pretense of being ill when, in fact, he was not ill, but was engaging in another occupation. In this case petitioner’s illness was no pretense and that fact was well known to the Police Department. He was being examined regularly by the department’s own surgeons who did not consider him fit for duty. Thus the department was not losing the services of a man who could be performing services.
Dismissal from the department of a man who was no longer able to perform his duties because of illness received in the line of duty was a severe penalty and, under the circumstances of this case, unwarranted and, therefore, must be considered an abuse of discretion. (Civ. Prac. Act, § 1296, subd. 5-a; Matter of Mitthauer v. Patterson, 8 A D 2d 953, affd. 8 N Y 2d 37; Matter of Pitt v. Town of Ramapo, 10 A D 2d 958, appeal dismissed 9 N Y 2d 651; Matter of Jones v. McCarthy, 7 AD 2d 710; Matter of Zebley v. Lubin, 7 A D 2d 965.)
Determination insofar as it sustains the charges filed against the petitioner confirmed; determination insofar as it dismisses *69 petitioner from his position annulled and the proceeding is remitted to the respondent for the purpose of fixing a measure of discipline which is more commensurate with the offense committed.