■ In the Matter of WILLIAM P. SHEILS, Respondent, v. MICHAEL J. MURPHY, as Commissioner of the Police Department of the City of New York, Appellant.— In a proceeding under article 78 of the former Civil Practice Act, to review and annul a determination of the Commissioner of the New York City Police Department, made after a hearing, which dismissed the petitioner from his position as a patrolman in the Police Department, the Commissioner appeals from so much of an order of the Supreme Court, Queens County, entered January 14, 1963: (a) as annulled the determination insofar as it directed the dismissal of petitioner; and (b) as remitted the proceeding to the Commissioner "for the purpose of fixing a measure of discipline which is more commensurate with the offense committed." Order, insofar as appealed from, reversed on the law and facts, without costs; and determination confirmed *in toto*. The findings of fact implicit in the decision of the Special Term, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. The petitioner pleaded "guilty with an explanation" to charges that, while on "sick report," he had engaged in another occupation or calling during the period October 1, 1960 to October 4, 1960; and that without the police surgeon's permission the petitioner had been absent from his residence on eight occasions during the same period. In considering the penalty to be imposed as a result of petitioner's plea, the Commissioner was authorized to consider the departmental official reports preceding the filing of the charges against petitioner (Rules and Procedures of Police Department of the City of New York, ch. 21, § 14.01). The official reports contained detailed observations of petitioner's activities on the days alleged at a laundromat business owned by the petitioner and his wife, in which the petitioner handled laundry, received money, and waited on customers. In addition, the official reports contained petitioner's admissions during an interrogation in which he stated that he had participated in the operation of the business on other occasions while he had been on sick leave. Under these circumstances, we do not find the penalty of dismissal to be so "shocking to one's sense of fairness" as to warrant its annulment and a remission of the matter to the Police Commissioner for the imposition of a less severe punishment (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364; *People ex rel. Brown* v. *Greene*, 106 App. Div. 230, 232, affd. 184 N. Y. 565; *Matter of Lemmond* v. *Kennedy*, 26 Misc 2d 267). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur. [38 Misc 2d 65.]