■ In the Matter of AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Respondent. ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Appellants. — In a proceeding pursuant to subdivision (g) of section 404 and subdivision (c) of section 1304 of the Not-For-Profit Corporation Law, to dispense with the approval of the New York Society for the Prevention of Cruelty to Children in connection with petitioner's application to permit it to conduct activities in New York State, the Attorney-General and the Suffolk County Society for the Prevention of Cruelty to Children separately appeal (1) from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated June 16, 1980, which approved petitioner's application for authority to conduct activities in New York and consented that it be filed, (2) from an order of the same court, dated June 30, 1980, which granted petitioner's application to dispense with the approval of the New York Society, and (3) as limited by the briefs, from so much of a further order of the same court, dated January 13, 1981, as upon the Attorney-General's motion for reargument and renewal, granted reargument, but adhered to its original determination. Appeals by the Suffolk County Society for the Prevention of Cruelty to Children dismissed, without costs or disbursements. Its motion before Special Term to intervene is granted to the extent of permitting it to participate as an *amicus curiae*. Appeals by the Attorney-General from orders dated June 16, 1980 and June 30, 1980 dismissed as academic, without costs or disbursements. The orders were superseded by the order dated January 13, 1981 granting reargument. Order dated January 13, 1981 reversed insofar as appealed from, on the law, without costs or disbursements, orders dated June 16, 1980 and June 30, 1980 vacated and proceeding dismissed. Petitioner, American Society for the Prevention of Cruelty to Children, incorporated in the State of Delaware, moved pursuant to subdivision (g) of section 404 of the Not-For-Profit Corporation Law for an order dispensing with the approval of the New York Society for the Prevention of Cruelty to Children (New York Society) on petitioner's application, pursuant to subdivision (c) of section 1304 of the Not-For-Profit Corporation Law for authority to conduct activities in New York. Subdivision (g) of section 404 provides, in relevant part, that every certificate of incorporation of a corporation for prevention of cruelty to children shall be approved by the New York Society; if such approval is not forthcoming within 30 days of its application, an order may be obtained from a Supreme Court Justice dispensing with such approval. The New York Society opposed the application to dispense with its approval on several grounds, including that, in New York, societies for the prevention of cruelty to children are granted extraordinary powers. For example, its officers and agents are peace officers who may carry firearms (see CPL 2.10, subd 7). The New York Society argues that such powers were intended only for domestic corporations. The Attorney-General, a proper party to every such application (see Not-For-Profit Corporation Law, § 404, subd [a]), opposed the application on the same ground, among others, emphasizing that petitioner did not have the power in Delaware to conduct the activities it would be able to conduct in New York were it to qualify here. The Suffolk County Society for the Prevention of Cruelty to Children (Suffolk Society) sought permission to intervene to oppose the application. The Suffolk Society had attempted to incorporate almost simultaneously with the New York Society's refusal to approve petitioner's application. No authority to intervene was ever formally granted. Following argument on petitioner's application, Special Term (McCarthy, J.), referred the threshold question whether the Suffolk Society was properly incorporated to Justice Jones. He held, without prejudice to renewal upon a proper submission, that the Suffolk Society was not properly incorporated. For that reason, Justice McCarthy subsequently declined to consider the Suffolk Society's papers in

opposition to petitioner's application. Special Term granted petitioner's application. We reverse. We agree with the Attorney-General that petitioner may not be authorized to operate in New York State as a corporation for the prevention of cruelty to children because such authorization would grant petitioner powers, including powers of law enforcement, that it does not possess in the State of its incorporation. New York law provides that a foreign corporation may be authorized to do in this State what a domestic corporation may lawfully do, "to the extent that it is authorized to conduct such activities in the jurisdiction of its incorporation" (Not-For-Profit Corporation Law, § 1301, subd [a]). The Attorney-General argued that in Delaware petitioner is not authorized to have its officers or agents carry weapons, take a child into protective custody, be appointed a guardian, prefer a complaint or initiate a child protective proceeding. Yet a society for the protection of children incorporated in New York may perform all of these activities here. Petitioner did not meet the argument. It merely stated that it had broad general powers under its Delaware certificate of incorporation and could aid in the "enforcement of laws relating to or affecting children" and "engag[e] in other activity designed to fulfill or further * * * [its] purpose". Since petitioner has failed to establish that it is empowered to do in Delaware what it seeks to be permitted to do in New York, it would be improper to authorize petitioner to conduct its activities in New York (see Not-For-Profit Corporation Law, § 1301, subd [a]). The issue is not, as petitioner asserts, whether a foreign corporation may be authorized as a society for the prevention of cruelty to children. When a foreign corporation for the prevention of cruelty to children is authorized in its jurisdiction of incorporation to perform the activities such a corporation may perform in New York, then it may be authorized in New York (see Not-For-Profit Corporation Law, § 1301, subd [a]). If the foreign corporation has powers additional to those existing in a New York corporation, the foreign corporation, once authorized, may not perform the additional powers in this State (see Not-For-Profit Corporation Law, § 1306). But if, as is the case here, the foreign corporation does not have in its home State the powers the New York corporation has, it may not be authorized in New York (see Not-For-Profit Corporation Law, § 1301, subd [a]). Petitioner's further contention, in reliance upon *Matter of Hagan v Picard* (258 App Div 771, affg 171 Misc 475), that the New York Society's approval is merely ministerial and may not be withheld, has no relevance in the context of the present case because a foreign corporation seeking authorization is appealing from a determination of Special Term. This is not a proceeding to compel the New York Society to give approval. Although the order dated June 30, 1980 described the papers of the Suffolk Society as having been considered by Special Term, it is clear from Special Term's memorandum decision that it did not consider these papers. Subsequently, the Suffolk Society participated in the appellate process in several ways, including signing a stipulation prepared by petitioner to extend the time to perfect the appeals. Petitioner now objects to the Suffolk Society's being a party, on the ground that its motion to intervene was not granted. In the existing circumstances, we grant the Suffolk Society's motion to intervene to the extent of permitting it to participate as an *amicus curiae*. In light of our decision dismissing the instant proceeding it is unnecessary to reach the remaining contentions. Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.