In the Matter of Robert Saltzman et al., Copartners Doing Business as Grant Square Liquor Store, et al., Appellants, against John F. O'Connell et al., Constituting the State Liquor Authority, et al., Respondents.— Petitioners appeal from an order (1) denying their application to annul a determination of the State Liquor Authority which approved an application for the transfer of a retail liquor license and for removal of the licensed business to different premises; and restraining the respondents to whom the license was thus transferred from engaging in the sale of liquor and wine at said new premises, and (2) granting the motions of respondents to dismiss the petition. Order reversed on the law, with $10 costs and disbursements to appellants, and respondents' motions denied, without costs, and with leave to respondents to serve and file answers to the petition within ten days after the entry of an order hereon. The application for approval of the transfer and removal was

originally denied by the Authority on February 28, 1952, after a hearing at which the appellants Saltzman were permitted to file written protests. These appellants are licensed operators of a retail liquor store located not far from the premises to which removal was sought. Appellants Zinotofsky and Smith are owners of parcels of real property in the vicinity, and are taxpayers. After the said original disapproval the Authority entertained an application for reconsideration, and thereupon, and on April 30, 1952, granted the application to approve the transfer and removal. The Authority, acting in quasi-judicial capacity, may not review its own determination, as an appellate body, and revise the determination. (*Matter of Newman Lake House, Inc.,* v. *Bruckman,* 258 App. Div. 765; *Matter of Crean* v. *Bruckman,* 178 Misc 231; cf. *Herpe* v. *Herpe,* 225 N. Y. 323, and *Matter of Cupo* v. *McGoldrick,* 278 App. Div. 108.) It may not be said, on the basis of the petition alone, that appellants do not have standing, as aggrieved parties, to attack the determination in question by way of a proceeding such as this. (Cf. *Matter of Scudder* v. *O'Connell,* 272 App. Div. 251, 254, and *Commission* v. *Sanders Radio Station,* 309 U. S. 470.) Nolan, P. J., Carswell, Adel, Wenzel and Beldock, JJ., concur. [See *post,* p. 764.]