In the Matter of FRANK J. FRANCE, Doing Business as FRANCE LIQUOR STORE et al., Petitioners, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, et al., Respondents.

Supreme Court, Special Term, Erie County, October 14, 1953.

*Frank G. Raichle, Jr.,* for petitioners.

*Alvin McK. Sylvester* and *Dale J. Manchester* for New York State Liquor Authority and another, respondents.

*John H. Dittman* for John Trimper & Sons, Inc., respondent.

WARD, J. This is an application pursuant to article 78 of the Civil Practice Act and subdivision 6 of section 121 of the Alcoholic Beverage Control Law, to review a determination of the State Liquor Authority. This proceeding is brought on by way of an order to show cause petitioning this court to review and correct the action of the respondent State Liquor Authority (hereinafter called the Authority) of August 13, 1953, which determination approved the application of respondent John Trimper & Sons, Inc., to transfer its license for the sale of liquor at retail for consumption off the premises, from 481 Washington Street, Buffalo, New York, to 76 West Genesee Street, Buffalo, New York.

The petitioners also seek an order (1) modifying, vacating, setting aside and annulling the aforesaid action and approval of the respondent Authority, and (2) staying the respond-

ents and each of them from proceeding under and acting upon the aforesaid action and approval of the Authority and staying the execution of the aforesaid action and approval pending the court's final order herein or thirty days, whichever first occurs.

For twenty years the respondent John Trimper & Sons, Inc., or its corporate predecessors, has held a license for the sale of liquor at retail for consumption off the premises. The licensed premises have always been located at 481 Washington Street in the city of Buffalo, New York. These premises will, in the near future, be demolished under an authorization for condemnation by the City of Buffalo.

The petitioner Frank J. France is a taxpayer in the city of Buffalo and owner of premises at 176 Franklin Street which he occupies in the business of selling liquor at retail for consumption off the premises. The petitioner Max Brock also is a taxpayer in the city of Buffalo and also a holder of a license for the sale of liquor at retail for consumption off the premises. His business is located at 314 Pearl Street in the city of Buffalo. It is noticed that none of these businesses or the proposed site of the transfer of the license of John Trimper & Sons, Inc., is located on the same street or avenue.

The respondent John Trimper & Sons, Inc., applied to the Erie County Alcoholic Beverage Control Board (hereinafter called the Board) on May 15, 1953, for permission to remove its license from 481 Washington Street to 76 West Genesee Street, a distance of about two and one-half blocks. This application was disapproved unanimously by the Board on June 26, 1953, and such disapproval was recommended to the Authority. Thereafter respondent Trimper & Sons, Inc. applied to the Buffalo office of the respondent Authority for a review of the above action of the respondent Board. It is disputed whether the Authority did or did not hold a hearing upon this review but petitioners claim a hearing was held. The respondents Authority and Board claim a hearing was not held. By its answer, respondent Trimper & Sons admits a hearing was held. The respondents Authority and Board by their answer deny a hearing was held and allege that the proceeding was an investigative interview.

This proceeding was held before Deputy Commissioner Howard E. Grainge pursuant to designation by the Authority. The petitioners represented by counsel were present at this proceeding. As a result of this proceeding, the Authority approved the application of respondent Trimper & Sons, Inc. upon certain conditions. It is this determination that the petitioners seek to have this court review and by order correct.

Upon the oral argument and by their briefs, the respondents challenge the right of these petitioners to maintain this action. It is their contention that these petitioners are strangers to this matter. This should be discussed first.

Prior to April 3, 1952, a determination by the Authority to permit a transfer of such a license from the licensed premises was not subject to review by the Supreme Court pursuant to section 121 of the Alcoholic Beverage Control Law. However, subdivision 6 of section 121 of the Alcoholic Beverage Control Law was added by chapter 428 of the Laws of 1952, effective April 3, 1952, and enlarged the matters subject to review by the Supreme Court to include such determination by the Authority.

The petitioners urge that a successful transferant would not seek a review and thus the right to review a transfer must be for the benefit of some person aggrieved by such action. The petitioners argue that these petitioners are such persons and therefore are entitled to maintain this action.

This argument by the petitioners is persuasive but not conclusive. There are many other persons who are entitled to review a transfer of such a license. Members of churches, synagogues or other places of worship within 200 feet of the premises, or the proper authorities of educational institutions so located or other similarly licensed premises located within 700 feet (1,500 feet in New York City) of premises so licensed on the same street or avenue, are as much aggrieved by the transfer of licensed premises as by the original issuance of such a license. Prior to April 3, 1952, these persons were entitled to a review of the issuance of a license to a successful applicant contrary to the recommendation of the local board (Alcoholic Beverage Control Law, § 121, subd. 3). These same persons are entitled to a review by the Supreme Court pursuant to subdivision 6 of section 121 of the Alcoholic Beverage Control Law.

Subdivision 6 of section 121 of the Alcoholic Beverage Control Law added no new persons nor class of persons entitled to a review in the event that an application for a transfer of a license was either approved or disapproved by the Authority. It seems to me that it is reasonable to find such is the intention of the Legislature. There is nothing in the Alcoholic Beverage Control Law or any other statute which gives to persons situated as these petitioners, a right to object to the issuance of an original license at the location desired by respondent Trimper & Sons, Inc.

These petitioners, while referring to themselves as taxpayers, have not brought this proceeding in such capacity nor do they claim that the salutary purpose of fostering and promoting temperance (Alcoholic Beverage Control Law, § 2) is defeated by such transfer. Their only claim is that such transfer increases competition to their detriment. The licenses of the petitioners give them no exclusive right to the business of any area. They have agreed that their licenses shall not be deemed a property or vested right (Alcoholic Beverage Control Law, § 114, subd. 4).

The petitioners claim that the respondents are now estopped from denying the petitioners' right to maintain this proceeding. The petitioners claim that the Authority held a hearing and recognized their right to participate therein by sending them notices of the proceeding and allowing them to attend and testify.

It is understandable that confusion has arisen as to the nature of the proceeding held before Deputy Commissioner Howard E. Grainge on July 21, 1953. Without reviewing the various applications, documents and statements in which such proceeding has been referred to as a " hearing " or " interview " or " investigative interview ", it is clear that the Authority need not hold a hearing upon an application to transfer a license (Alcoholic Beverage Control Law, § 111.) This section does not prescribe the procedure to be followed by the Authority upon such an application. It does, however, provide that such transfer is within the discretion of the Authority. Such discretion is not lost because the respondent Trimper, Inc., in the first instance, made its application for transfer to the local Board nor is a hearing required because such application was purportedly made pursuant to section 63 of the Alcoholic Beverage Control Law.

Section 43 of the Alcoholic Beverage Control Law defines the functions, powers and duties of a local Board and does not include the power to entertain an application to transfer a license. Although respondent Trimper, Inc., erroneously applied to the local Board and selected section 63 of the Alcoholic Beverage Control Law as the vehicle, such application does not oust the Authority from proceeding pursuant to section 111 of the Alcoholic Beverage Control Law, nor fix the procedure to be followed by the Authority.

The Authority cannot delegate to the local Board the power to entertain such application by rule or order. A local Board, or the members thereof, is not an employee of the Authority.

Although convenience may urge the use of local Boards in such applications, the functions, powers and duties of local Boards prescribed by section 43 of the Alcoholic Beverage Control Law cannot be enlarged by order or rule of the Authority nor can the Authority foist upon the local Board investigative duties properly the business of the Authority and not within the functions, powers and duties of a local board. This is notwithstanding subdivision 4 of section 43 of the Alcoholic Beverage Control Law. This subdivision does not include the power or duty to entertain an application for the transfer of a license but is directed to the examination of an applicant for or holder of a license in the matters set forth in subdivisions 1 and 2 of section 43 of the Alcoholic Beverage Control Law.

The application of May 15, 1953, to the local Board is a nullity and the action and recommendation of the local Board thereon is also a nullity. The proceeding of July 21, 1953, before Deputy Commissioner Grainge was not and could not therefore be a review of the action of the local Board but was, in truth, an original proceeding before an employee of the Authority pursuant to section 111 of the Alcoholic Beverage Control Law. Subdivision 10 of section 17 thereof provides for the delegation of such powers by the Authority to its members or employees.

I have examined the authorities cited by the petitioners touching upon the argument that they are proper petitioners to maintain this action in Special Term. The Appellate Division of the Second Department in *Matter of Saltzman* v. *O'Connell* (282 App. Div. 732, 733) in a memorandum opinion, in reversing the Special Term on other grounds, wrote: '' It may not be said, on the basis of the petition alone, that appellants do not have standing, as aggrieved parties, to attack the determination in question by way of a proceeding such as this.'' Upon this authority it appears to me that Special Term shall look to the petition and unless it appears thereon that the petitioners are not proper persons to maintain the action, Special Term should take jurisdiction pursuant to article 78 of the Civil Practice Act and examine into the merits of the application or, by order, transfer the matter to a term of the Appellate Division.

I have examined the other authorities submitted by the petitioners but need not refer to them because I have determined to entertain this application on this petition.

As above, the determination under review was not made as a result of a hearing held, and at which evidence was taken pursuant to statutory direction. Thus, this court need not make

an order directing that the proceeding be transferred for disposition to a term of the Appellate Division in this district but this court shall dispose of the cause on the merits. It is not necessary to repeat here the rule so firmly fixed by decisions in this State that Special Term shall not substitute its judgment for that of the Authority and disturb the exercise of administrative discretion vested in the State Liquor Authority by the Alcoholic Beverage Control Law unless the action complained of be deemed arbitrary or capricious. I can find nothing arbitrary or capricious in the action of the Authority in this matter.

In the exercise of the discretion bestowed upon the Authority by section 111 of the Alcoholic Beverage Control Law, and after an investigation and due consideration of the public policy of this State as expressed by section 2 of the Alcoholic Beverage Control Law, and a proper consideration of the interests of the respondent Trimper, Inc., the Authority has permitted this respondent to move from premises heretofore continuously occupied by respondent Trimper, Inc., or its corporate predecessors for twenty years, to a new location, a distance of two and one half blocks. At this new location, the respondent Trimper, Inc., will serve generally the same clientele as previously served at the old location and will compete generally with the same competitors although somewhat more sharply with the petitioners. Special Term will not disturb this determination.

The motions are denied and the cross motion to dismiss the petition on the merits is granted.