In the Matter of ARCHER S. DREW, JR., et al., Respondents, against STATE LIQUOR AUTHORITY, Appellant.

First Department, June 26, 1956.

*Harry F. Karst* of counsel (*Emanuel D. Black* with him on the brief; *Arthur A. Klotz,* attorney), for appellant.

*William I. Cohen* for respondents.

*Hubert T. Delaney* for Church of God and others, *amici curiæ.*

VALENTE, J.   Petitioners in this appeal are the owners and operators of a liquor store.   Originally located in Springfield Gardens, Queens, they were permitted to move to 43 Old Broadway, Manhattan, and were granted leave by the State Liquor Authority, on April 28, 1955, to move to 23 West 121st Street, Manhattan.   Shortly after granting this permission, the Authority received a number of protests from churches in the area and, on May 18, this fact was communicated to the petitioners.   A conference was called and held on May 23 at which there were present the petitioners and the representatives of three of the churches in that area.   It was disclosed that the designation 23 West 121st Street was nonexistent at that date; that there were five churches within a one-block radius of the proposed site and that a sixth church was located on the northwest corner of 120th Street and Lenox Avenue and occupied one half of the block between West 120th and 121st Streets.   The aggregate membership of these churches was in excess of 10,000 parishioners.

On June 9, 1955, the Authority reconsidered its previous decision and determined that in the public interest the prior approval be rescinded and the petition for removal be disapproved on the ground that the licensees had made false and misleading statements in the petition in connection with material facts relating to the address of the premises to which removal was proposed.

Petitioners instituted an article 78 proceeding to review this determination and Special Term directed that a trial of the issues be had.   Following a trial an order was entered annulling the determination of the Authority, dated June 9, 1955, rescinding its prior determination.   The State Liquor Authority appeals from the order directing a trial of the issues and the order vacating its determination of that date.

The issues raised by the pleadings and accompanying papers present no triable issue of fact and the matter should not have been remitted to Trial Term for a trial of the issues.   The court was only called upon to determine whether there was a reasonable basis for the exercise of the Authority's discretion.   This, in the facts of the case, is a question of law, not of fact.

We have a situation where the petitioners are literally carving out a store in — what might be appropriately described — the midst of a nest of churches. They have created an address on the West 121st Street side of premises 220 Lenox Avenue, located on the northeast corner of Lenox Avenue and 121st Street. Opposite 220, on the west side of Lenox Avenue between 121st and 122nd Streets, there are four churches; on the southeast corner of Lenox Avenue and 122nd Street is another church that takes in about one half of the block on Lenox Avenue between 121st and 122nd Streets. There is still another church on the northwest corner of 120th Street and Lenox Avenue, taking in about one half of the block between 120th and 121st Streets. One of these churches has existed at its present location for over twenty-eight years.

We are asked on this appeal to reinstate the order of the Authority revoking its prior determination on the ground that there was a reasonable basis for the action of the Authority in revoking the permission originally granted petitioners to move their liquor store.

The general rule is that determinations in the field of administrative law should be given as much finality as is reasonably possible. The restraints to be exercised in permitting reconsideration are cogently set forth in *People ex rel. Finnegan* v. *McBride* (226 N. Y. 252), where the court said at page 259: '' Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud. The commission may not act arbitrarily. Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action.''

The granting of permission to open a liquor store in the midst of six churches of such substantial membership prima facie is most unusual. The motives of the Authority in wanting to correct its decision are understandable because, on its face, this situation is not in the best interests of the people and the opening of a liquor store there would not serve the public advantage of the area. Concededly, if the Authority originally denied the application for such reason, no one could argue that its action constituted an abuse of discretion.

In considering this appeal we must keep in mind the fact that the State Liquor Authority, by virtue of legislative enactment, exercises the police power of the State in the regulation of liquor traffic and is empowered " to determine whether public convenience and advantage will be promoted by the issuance of licenses * * * and the location of premises licensed thereby ''. (Alcoholic Beverage Control Law, § 2.)

On the status of this record we do not apply the test set forth in the *Finnegan* case (*supra*), because it is not clear whether there was any irregularity in vital matters or conduct tantamount to fraud or other improper action on the part of any of the parties which may have misled the Authority in its original decision to grant permission to the petitioners to remove their premises to the West 121st Street address. There is nothing in the record to support the finding of the Authority that the petitioners had made any false and misleading statements in their petition, nor is there anything to indicate that the petitioners attempted to mislead the Authority. However, that may not be dispositive of the question. It is a fair assumption that the petitioners knew of the presence of these churches and that they had or should have had a better knowledge of the geographic area than the Authority. Equally apparent from the record is the fact that the Authority was never aware of the existence of these churches.

Was the Authority misled in its original decision granting approval and, if so, by whom? The Authority contented itself with its finding that the petitioners had and we hold that there is nothing to justify that particular finding. However, the Authority evidently did not exhaust its inquiry into the matter. The record is silent as to whether it ascertained from its local board whether it had more extensive information than that disclosed in its two reports, which, parenthetically, indicated the existence of but two churches. Obviously, if the circumstances are such as to permit the inference that the local board had information as to the existence and location of the other churches, its failure to disclose this information to the State Liquor Authority would bring the situation within the ambit of the exceptions set forth in the *Finnegan* case (*supra*).

Granted that the Authority is not bound by any recommendation of the local board, there nevertheless was a duty on the local board fairly to disclose whatever material information it discovered in the course of investigating the petitioners' applications. It is difficult to conceive that the local board did not know of the existence of the other four churches. Significantly, in its reports of February 18, 1955 and March 8, 1955, it referred

to but two churches — St. Martins P. E. Church and Ebenezer Gospel Tabernacle.

We would require a more complete record before we would attempt to decide whether an authority situated as the one here is entitled to recall its determination. Accordingly, we are remanding the entire matter for further inquiry by the State Liquor Authority to determine the extent of the knowledge of the local board as to the existence of the other churches and if it had knowledge of them why it was not disclosed to the State Liquor Authority and whether there was any act of omission or commission on the part of anyone connected with these proceedings that resulted in the failure of the Authority to have before it all of the pertinent facts at the time it made its original decision.

The order of Trial Term and the order of Special Term should be reversed because while the record is inadequate to support the agency's determination, in the exercise of discretion the matter should be remanded for the taking of further proof and reconsideration in the light of this opinion.

PECK, P. J. (dissenting). The opinion of the court states that it is not applying the principle of finality to the administrative determination made here because it is not clear whether there was any fraud or other improper action on the part of the parties which may have misled the Authority in its original decision.

It could hardly be clearer that there was no such fraud or improper action on the part of petitioners. A trial was had at the direction of Special Term for the precise purpose of trying out and determining this question. The trial court found: "It appears that not only was there no lack of disclosure, not only was there no misleading, but the papers which were sent to the Authority were completely full and frank, and omitted nothing."

The majority opinion does not seem to question this finding and acknowledges that there is nothing in the record to support the finding of the Authority that the petitioners had made any false or misleading statements or that the Authority was misled in its original decision. What warrant can there be, therefore, for remanding the matter to the *Authority* for further inquiry? The Authority had its full opportunity to submit to the court any facts which would support its position. Having failed to adduce any such facts, I am unable to see any justification for giving the Authority itself another review of the matter.

Nor can I understand the purpose or possible consequence of the further inquiry allowed the Authority. Seemingly, the purpose is not to give the Authority another opportunity to show

that it was misled by petitioners — the negative of that question having been determined and settled — but to allow the Authority to inquire into the knowledge of its subsidiary, the local board, and whether the local board may have failed to make a full disclosure of its knowledge to the Authority.

If the Authority should wish to make such an intramural inquiry as an administrative check on its agency, it is undoubtedly privileged to do so, but I am unable to see how any default of the local board, not caused by some wrong on the part of petitioners, can affect petitioners or serve as a basis for recalling the determination made in their favor. That determination on the basis of the record before us should be final (*Matter of Cupo* v. *McGoldrick*, 278 App. Div. 108; *Matter of Saltzman* v. *O'Connell*, 282 App. Div. 732).

BREITEL and BERGAN, JJ., concur with VALENTE, J.; PECK, P. J., dissents and votes to confirm in opinion, in which FRANK, J., concurs.

The order of Trial Term and the order of Special Term reversed because while the record is inadequate to support the agency's determination, in the exercise of discretion the matter is remanded for the taking of further proof and reconsideration in the light of the opinion herein. Settle order on notice.