Samuel H. Hoestadteb, J.
In this proceeding under article 78 of the Civil Practice Act the petitioners challenge the refusal of the respondent, the State Liquor Authority, to permit them to move their retail liquor store from 944 to 945 Aldus Street in The Bronx.
The petitioners were first licensed to conduct their retail liquor store at its present location 944 Aldus Street in 1946 and have been conducting their business there under license ever since without any adverse record. In July, 1958, acting without counsel, they filed with the New York City Alcoholic Beverage Control Board an application for permission to move their store across the street to 945 Aldus Street. Although the city board recommended that the permission be approved the Authority itself thereafter disapproved the application.
The present store of the petitioners is 11 feet wide, with no cellar storage place. The front 12-foot portion of the store is on street level. The remainder of the store is, however, approximately 2 feet above the street level and accessible only by ascending three steps about 4 feet wide. Pipes and beams which involve the structure of the building 944 Aldus Street make it impossible to eliminate these steps. Many customers have found it inconvenient to ascend these steps to view the merchandise displayed on the wall shelves and center show cases situated on the upper level of the store. In consequence, the business is being conducted for the most part in the small clear area on the street level between the entrance door and a counter to the left of the entrance door — an area having dimensions of about 12 feet by 4 feet. In order to have their refrigerator for the cooling of wines as close as possible to the front portion of the store, the petitioners have placed it at the front of the upper level, where it can be reached from behind the lower counter without ascending the stairs. The space in the front portion of the store is too small for this refrigerator; were it placed in the rear of the store, the only other available spot, the petitioners would expose themselves to the danger of pilferage from the shelves on the wall at the right of the entrance, while the front of the store was unattended. As it is, because of the limited area within which they must operate the petitioners have suffered from pilferage. The present *277 store is also infested with vermin. Self-evidently, these conditions inconvenience the public as well as handicap the petitioners in the operation of the business.
In contrast, the store at 945 Aldus Street to which the petitioners wish to move is entirely on the street level, is approximately 18 feet wide and has ample storage space. Aside from the advantages to the petitioners of the proposed relocation, it would offer the public better service in more adequate surroundings. Significantly, too, as will appear presently, the new location lends itself more readily to enforcement of the Alcoholic Beverage Control Law.
The Authority in refusing permission for the requested removal stated the grounds for its action as follows:
“ The proposed removal would place the petitioners’ package store approximately 75 feet closer to their nearest competitor at 1042 Southern Boulevard and he has protested vigorously. The two package stores are now only approximately 375 feet apart. In addition, there appears to be no compelling reason for the contemplated removal. Furthermore, it is noted that the petitioners do not base their removal application on a plea of low gross income in their present premises.
“ The Members of the Authority find that the protestants’ package store located at Southern Boulevard was licensed a substantial length of time before the petitioners’ package store obtained a license at the present location.
‘ ‘ Under all the facts and circumstances, it is determined that public convenience and advantage will not be served by the approval of the petition which is hereby disapproved.”
The Alcoholic Beverage Control Law declares that a license shall not be transferable to any other premises “ except in the discretion of the authority ” (§ 111). The court is keenly aware of the broad discretion so lodged in the Authority and the limitations on judicial interference with its exercise. Yet, after close study of the reasons advanced by the Authority for its action, in the light of the present record, the conclusion becomes inescapable that, in final analysis, the refusal to approve the removal is bottomed solely on the fact that 945 Aldus Street is approximately 75 feet closer to the petitioners’ competitor at 1042 Southern Boulevard than 944 Aldus Street and that, in the setting of this case, that fact furnishes no rational basis for the determination that the removal sought will not serve ‘ public convenience and advantage”.
The Authority’s determination may be upheld only if supported by the grounds assigned therefor by the Authority itself (Matter of Barry v. O’Connell, 303 N. Y. 46, 50-51). If the *278 circumstances leave no possible scope for the exercise of the Authority’s discretionary power in disapproving the removal sought, its action cannot stand (Matter of Rockower v. State Liq. Auth., 4 N Y 2d 128, 131). We apply these principles to the present case, exercising needful self-restraint, to avoid unwarranted incursion into the domain of administrative discretion.
The prime concern here is the public interest, not that of either the petitioners or their competitor. When the license for the premises 944 Aldus Street was issued originally in 1946 it was necessarily found at that time that public convenience and advantage would be furthered by the presence of a package store in the neighborhood community surrounding this location. Since it is not suggested that there has been any change in this situation, it is fair to assume that the public interest still justifies the presence of such store. 945 Aldus Street is diagonally across the street from 944 Aldus Street. No attempt has been made to show that the clientele at 945 will not be the same as the clientele which has dealt with the petitioners at 944 Aldus Street. The convenience of these patrons will most certainly be served better in the roomier space on a single level at the new address.
Moreover, the proposed new location provides the visibility required by the law to a far greater degree than does the present store at 944 Aldus Street. Subdivision 10 of section 105 of the law, governing licensees to sell at retail for off-premises consumption, requires the licensee to have conspicuously displayed a printed price list of the items offered for sale and forbids screens, blinds and like articles which prevent a clear view at all times into the interior of the licensed premises from the sidewalk. Argument is hardly needed to demonstrate the superior adaptability of the 945 Aldus Street store to the enforcement of these provisions.
Another factor should be mentioned. At their present location the petitioners maintain an electric sign which projects outward from the second story of the building and is clearly visible from Southern Boulevard. However, in accordance with the Authority’s requirements they have committed themselves to maintain at the 945 Aldus Street address only horizontal signs facing and parallel to Aldus Street. The problem of signs has given the Authority concern; since it lacks the power to prohibit off-premises signs, it imposes limitations on signs as part of the removal procedure and the petitioners have conformed to that procedure. (See Annual Report of N. Y. State Liq. Auth., 1955, p. 12.)
*279 Thus, the petitioners have clearly established that at the proposed location the same neighborhood community will be served, that it provides much better facilities and thereby promotes the comfort and conveniences of customers. It appears without contradiction that the 945 Aldus Street store makes for stricter observance of the provisions of the Alcoholic Beverage Control Law. If allowed to move the petitioners will forego their present projecting sign. In the face of these demonstrated effects of the proposed removal, all unquestionably in the public interest, it is difficult to understand the Authority’s determination that public convenience and advantage will not be served thereby. The protest of the competitor on Southern Boulevard seemingly has been permitted to outweight the public interest.
The withholding of permission for the removal must, therefore, be held to be arbitrary and capricious. In the past the Authority has approved removal in closely analogous cases (Matter of Tannenbaum v. O’Connell, 285 App. Div. 1147, motion for leave to appeal denied 286 App. Div. 844, 309 N. Y. 1031; Matter of France v. O’Connell, 204 Misc. 681, affd. 282 App. Div. 1011; see Matter of Winkler v. State Liq. Auth., 3 A D 2d 1011, affd. 4 N Y 2d 856).
The determination is accordingly annulled. Settle order.