■ In the Matter of SAUL WANETICK et al., Doing business as ALDUS WINE & LIQUOR STRORE, Respondents, against STATE LIQUOR AUTHORITY, Appellant.— The order appealed from is unanimously affirmed, with $20 costs and disbursements to the petitioners-respondents. While the appellant is given wide latitude in the exercise of its powers, this court may review " The transfer by the liquor authority of a license or permit to any other premises, or the failure or refusal by the liquor authority to approve such a transfer." (Alcoholic Beverage Control Law, § 121, subd. 6.) " [T]he test is whether there is any rational basis for the decision of the authority." (*Matter of Austin* v. *Rohan*, 8 A D 2d 647; *Matter of Rockower* v. *State Liq. Auth.*, 4 N Y 2d 128, 131.) The appellant refused petitioners permission to transfer their liquor store license from No. 944 Aldus Street to No. 945 Aldus Street, The Bronx. The Authority stated that public convenience and advantage would not be served by approval. The reasons set forth and upon which the determination was based, were that the proposed location would place petitioners 75 feet closer to a competitor who had been licensed " a substantial length of time before the petitioners' package store obtained a license at the present location " which was in 1946, and who protested the removal; that no compelling reason for removal was shown and that the petitioners did not base their application on a plea of low gross income in their present premises. The proposed location is diagonally across the street from the present location, is more commodious, on the street level with clear interior visibility, and free from vermin which petitioners assert infest their present store. It would continue to serve the same general area and presumably have mostly the same clientele. The New York City Board recommended approval. However, we look to the findings of the Authority and the reasons it advanced as the basis for its determination. While the Authority is vested with wide discretion in its determination, such discretion must be exercised reasonably and its

determinations founded upon a rational basis. When reasons are enumerated, such reasons, when challenged, will be scrutinized, to ascertain if the conclusion reached is or may be rationally supported. Under the circumstances, enumeration of reasons is tantamount to definition, explanation and restriction. The reasons given, as far as pertinent, are not substantiated by the record. On the facts which are not in dispute we conclude that the determination was arbitrary and without reasonable basis in law or fact. Nor are any other considerations asserted by the Authority of such legitimate and substantial nature as to alter this conclusion. (Cf. *Matter of France* v. *O'Connell*, 204 Misc. 681, affd. 282 App. Div. 1011; *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37.) [16 Misc 2d 275.] Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Stevens, JJ.