In the Matter of RUBEN NATAPOW et al., Petitioners, *v.* MARTIN C. EPSTEIN et al., Constituting the State Liquor Authority, et al., Respondents.

Supreme Court, Erie County, September 7, 1962.

*Condon, Klocke, Ange, O'Donnell & O'Brien* for petitioners. *Hyman Amsel* and *Richard R. Jenczka* for State Liquor Authority, respondent. *Phillips, Mahoney, Lytle, Yorkey & Letchworth* for Barney G. Medwin, respondent.

MICHAEL CATALANO, J. Petitioners proceed pursuant to article 78 of the Civil Practice Act to '' review and correct the action of

the State Liquor Authority of the State of New York approving the application of the respondent Barney G. Medwin for the transfer of his license for the sale of liquor for consumption off the premises from 115 Clinton Avenue, North to the Midtown Plaza in the City of Rochester, New York," and to annul such action and staying the respondents.

Petitioners are licensed liquor store operators located at 66 Chestnut Street, 21 Clinton Avenue, 124 South Clinton Avenue and 94 James Street, Rochester, New York, respectively. They contend that such transfer by respondent Medwin would be highly competitive to their businesses, to their irreparable damage.

On April 6, 1962, an "Investigative Interview" was conducted by Deputy Commissioner J. Vincent Serve, who, on May 17, 1962, submitted to respondent Authority a memorandum thereon. At a regularly held meeting of the Authority held on June 7, 1962, it determined that public convenience and advantage would be promoted by its said action.

The following facts are not disputed: That the acquisition of land by public authorities for construction of inter-urban highway systems forced the removal and relocation of upwards of 900 families in the area of 115 Clinton Avenue, North, Rochester, New York; that respondent Medwin spent $16,881 preparing his new location at 181 Tower Building, Broad Street, Rochester, New York, for his retail liquor and wine store; that respondent Medwin leased said premises, paying a first month's rent of $786.67 for the month of September, 1962; that the proposed location at 181 Tower Building on Broad Street is part of the multi-million dollar Midtown Plaza project in uptown Rochester, and in addition to tying in a large department store, a leading women's wear store, a hotel and numerous other smaller businesses, there is provided basement parking for 2,000 cars, and although there is a covered mall connecting all portions of the project with entrances to the places of business, nevertheless, the proposed liquor store will open directly on Broad Street only; that respondent Medwin's gross sales before said 900 families were relocated were about $60,000 and last year they were reduced to $32,000.

The Legislature has declared it as the policy of this State to regulate and control the sale and distribution herein of alcoholic beverages by empowering the Liquor Authority to determine whether public convenience and advantage will be promoted by the location of licensed premises, subject to judicial review. (Alcoholic Beverage Control Law, § 2.) A liquor license may not be transferred to any other premises except in the Author-

ity's discretion (Alcoholic Beverage Control Law, § 111), which shall be exercised reasonably according to the record in each case. (*Matter of Rockower* v. *State Liq. Auth.*, 4 N Y 2d 128, 131.) Since there is no inherent right in a citizen to engage in selling intoxicating liquors, the legal test of exercising this discretionary power is whether the Authority acted arbitrarily or capriciously. (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465, 468.) The transfer of a liquor license to any other premises may be reviewed by the Supreme Court. (Alcoholic Beverage Control Law, § 121, subd. 6.)

Generally, unless one's individual right is invaded, he may not, as a champion of the community, oblige public officers to defend their official acts in courts of justice. (*Doolittle* v. *Supervisors of Broome County*, 18 N. Y. 155, 163.) The courts may not supervise the official acts of other governmental departments. (*Schieffelin* v. *Komfort*, 212 N. Y. 520, 530.)

The burden of proof is always on the petitioner to show in the record before the court such arbitrary or capricious conduct; Special Term has no duty or power to divine the future or substitute its judgment for that of the Authority. (*Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37, 38, 39, affd. 4 N Y 2d 997.) The petitioner shall show a clear legal right to the remedy he has chosen (*Matter of Stracquadanio* v. *Department of Health*, 285 N. Y. 93, 95–96); merely being a competitor, who might lose profits by competition, does not per se provide such a right (*Matter of Personal Fin. Co.* v. *Lyon*, 203 Misc. 710, 713) because a licensee has no exclusive right to the liquor business of any area. (*Matter of France* v. *O'Connell*, 204 Misc. 681, 685, affd. 282 App. Div. 1011.)

The '' policy '' adopted by the Authority (Bulletin No. 279, 12/9/55) disapproved the transfer of package stores to modern '' shopping centers.'' An application for a transfer to the '' South Town Shopping Plaza '' located in the Town of Henrietta, a few miles from Rochester, was made by one Swalbach, who was compelled to vacate his premises because the State needed the land for the construction of a highway. The Court of Appeals held that such a '' policy '' was not proper, unless the record showed that public convenience and advantage would be promoted thereby. (*Matter of Swalbach* v. *State Liq. Auth.*, 7 N Y 2d 518, 521, 522, 524, 526.)

In the *Swalbach* case (7 N Y 2d 518, 525) Judge FULD, speaking for the majority of the court, said: '' New York City and other large cities of this State have over the years served, in a very real sense, as shopping centers for the millions of rural and suburban inhabitants who daily visit them to make their

purchases, and, within the cities themselves, certain areas, in contrast with the more residential sections, are pre-eminently shopping centers. Yet it is common knowledge that liquor stores are located in these shopping areas and that their business is by no means confined to persons residing in the immediate neighborhood." (See, also, *Matter of Steiert* v. *Epstein,* 15 A D 2d 532; *Matter of Camperlengo* v. *State Liq. Auth.,* 16 A D 2d 342.)

These words of Judge FULD apply here with striking force.

The petitioners have shown no grievance of substance; the public convenience and advantage have been promoted in this case; respondent Medwin has a hardship case since many of his area customers were taken away from him by public fiat.

The proceeding is dismissed on the merits, without costs; prepare and submit final order accordingly.