■    JAMES L. PIERAKOS, Respondent, v. BRAND BEVERAGES, INC., et al., Appellants.— Order unanimously reversed, without costs, and petition dismissed.  Memorandum: Section 53 of the Alcoholic Beverage Control Law clearly authorizes the sale of beer at retail by one holding a wholesale beer license issued prior to July 1, 1960.  If the pre-1960 wholesale license is, subsequent to 1960, renewed and transferred, the new holder may continue to sell beer at retail thereunder.  In these circumstances the statute makes no mention of any proportion that wholesale beer sales must bear to retail beer sales and the

State Liquor Authority has not seen fit to set any standard. The petitioner's suit would appear to be authorized under section 123 of the Alcoholic Beverage Control Law. (*Matter of Forman* v. *New York State Liq. Auth.,* 17 N Y 2d 224.) However no grounds are shown for the issuance of an injunction restraining the sale of beer at retail by Brand Beverages, Inc. There is no showing that the Authority's decision to permit a transfer of the wholesale license from Long Island to South Park Ave., Buffalo, was an arbitrary exercise of the discretion vested in the Authority pursuant to section 111 of the Alcoholic Beverage Control Law. The burden of proving that the State Liquor Authority was arbitrary or capricious in approving the transfer rested upon the parties attacking such transfer. (*Natapow* v. *Epstein,* 35 Misc 2d 813, affd. 19 A D 2d 591.) (Appeal from order of Erie Special Term enjoining sale of beer.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.